FILED - USDC -NH
2021 AUG 31 PM 12:24

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Civil Case No. 20-cv-517-PB


## SOLER V. NEW HAMPSHIRE GOVERNOR CHRISTOPHER T. SUNUNU, ET AL


## REPORT OF GUARDIAN AD LITEM


On April 1. 2021, the undersigned Guardian Ad Litem (GAL), John E. Laboe, Esq., received an appointment from the Clerk of this Court to act as GAL for William Soler, Jr., as concerns the issue of whether William Soler, Jr. has the capacity to initiate and prosecute litigation before this Court. The precise wording of the Order was that the GAL's appointment was "for the purposes of (1) determining Mr. Soler's capacity to bring action in his own name;  (2) obtaining a copy of the Probate Court order that appointed a guardian; and (3) filing a copy of records concerning Mr. Soler's guardianship."

The GAL has conducted his efforts under this appointment with the foundational premise that the "determination" of Mr. Soler's capacity to bring an action in his own name is to be made on the basis of whether the Probate Judge in guardianship matter Case No. 317-2018-GI-00414 ever affirmatively ruled that Mr. Soler lacked the capacity to "initiate, defend, or settle lawsuits" in his own right.

1

This premise is based on statutory principles considered "black letter law." These principles are found under NH RSA 464-A:9 (IV) which mandates that a ward is deprived of only those legal rights which are expressly enumerated by the court as rights the ward is incapable of exercising. Stated differently, that which is not expressly removed by order of the court, based upon specific findings, remains a right and power still fully intact in the hands of the ward and undiminished by the guardianship proceedings.

The 6th Circuit – Concord – Probate Division (the Probate Division) initially ordered the establishment of a guardian over the person and the estate of Mr. Soler by order dated July 29, 2018 (Notice dated July 31, 2018), Case No. 317-2018-GI-00414. The GAL filed this Court's order of appointment with the Probate Division but, nonetheless, was denied access to the guardianship record, thereby compelling the GAL to file a Motion for Copy of the Entire File (dated April 27, 2021). This Motion ultimately succeeded before the Probate Division after multiple hearings and by order dated August 12, 2021, the Probate Division allowed the GAL to have a copy of the relevant portions (being the majority of pleadings and orders) of the Probate Division's record in Mr. Soler's guardianship case.

The Probate Division prepared the package of documents being released to the GAL who obtained possession of that package for the first time on August 12, 2021.

Attached as Exhibit A hereto is the original Probate Division order establishing the initial guardianship over the person and estate of Mr. Soler dated July 29, 2018 (Notice dated July 31, 2018). Neither in this initial order, nor at any

time during the course of this guardianship, did the Probate Division act to disallow Mr. Soler's right and power to "initiate, defend and settle lawsuits." Further, by order dated January 13, 2020, the Probate Division terminated the guardianship over the estate of Mr. Soler, leaving only a guardianship over the person.

At several points in the course of the guardianship, to date, the Probate Division restated precisely which rights were being taken from the ward and made the province of the guardian. The last iteration of which rights disallowed to the ward occurred in an order dated March 4, 2021 and is attached hereto as Exhibit B.

In conclusion, therefore, the GAL finds that William Soler, Jr. has the capacity to bring an action before this Court in his own name. Attached hereto as Exhibits A and B are the two essential documents fully support the GAL's conclusion. The GAL stands at the disposal of the Court should it have any questions or further instructions.

Respectfully submitted,


August 30, 2021
Date

John E. Laboe, Esq.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
32 Clinton Street
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

Case Name:    **Guardianship of William Soler, JR**
Case Number:   **317-2018-GI-00414**

**Notice to Parties:**

On July 29, 2018, Judge Margaret Ann Moran issued orders relative to:

Hearing on the Petition For Guardian Of Incapacitated Person

A Bond Order has been issued for the proposed guardian, the Office of Public Guardian, to file a bond as ordered.  A copy of said Order is being issued to the active parties of this case.

Please review all e-mails and mail which may contain orders, notices or important information about your case.

Any Motion for Reconsideration must be filed with this court by August 10, 2018.  Any appeals to the Supreme Court must be filed by August 30, 2018.

July 31, 2018

Sharon A. Richardson
Clerk of Court

C: William Soler, JR; Office of Public Guardian; Heather Dunion Neville, ESQ; William Soler; Sandra F. Bloomenthal, ESQ; Amy B. Davidson, ESQ

NHJB-2437-FPe (05/23/2017)

*For e-Filing only*

Filed
File Date: 7/31/2018 9:07 AM
6th Circuit - Probate - Concord
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **6th Circuit - Probate Division - Concord**

Case Name: **William Soler, Jr.**

Case Number: **317-2018-GI-00414**
(if known)

## FIDUCIARY BOND

1. Principal **Office of Public Guardian (Guardian)**       Telephone **(603) 224-8041**
   (Executor/Administrator/Guardian/Trustee liable for bond)

   Mailing address **2 Pillsbury St #400, Concord NH 03301**

   Principal `_____   Telephone _____
   (Executor/Administrator/Guardian/Trustee liable for bond)

   Mailing address _____

2. Amount of bond (total value of estate unless otherwise ordered by the court) $ _____ **10,000.00**

   To the judge of probate for the county of **Merrimack**

I, THE PRINCIPAL NAMED ABOVE, AGREE TO PAY THE JUDGE OF PROBATE THE AMOUNT OF THIS BOND IF I DO NOT FAITHFULLY PERFORM THE DUTIES OF MY OFFICE AS FIDUCIARY AS REQUIRED BY NEW HAMPSHIRE LAW.  THIS OBLIGATION SHALL CONTINUE UNTIL I FULFILL ALL OF MY DUTIES AND SHALL BE BINDING ON MY ESTATE.

| **Linda Mallon** | /s/ **Linda Mallon** | **07/31/2018** |
|---|---|---|
| Name of Filer | Signature of Filer | Date |
| **Office of Public Guardian** | **(603) 224-8041** | |
| Law Firm, if applicable     Bar ID # of attorney | Telephone | |
| **2 Pillsbury St #400** | **courtmail@opgnh.org** | |
| Address | E-mail | |
| **Concord    NH    03301** | | |
| City    State    Zip code | | |
| | /s/ _____ | |
| Name of Filer | Signature of Filer    Date | |
| Law Firm, if applicable     Bar ID # of attorney | Telephone | |
| Address | E-mail | |
| City    State    Zip code | | |

## ORDER

This bond is:   ☒ approved   ☐ not approved

☐ **Recommended:**

☒ **Ordered by the Court:**       *Margaret Ann Moran*

Judge Margaret Ann Moran
08/09/2018

NHJB-2137-Pe (01/01/2018)                                   Page 1 of 1

33

# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH

### NH CIRCUIT COURT

**MERRIMACK COUNTY**                                                 6th CIRCUIT – PROBATE DIVISION – CONCORD

In Re:

**Guardianship of William Soler, Jr.**

**Case No. 317-2018-GI-00414**

### SUPPLEMENTAL ORDER ON PETITION FOR
### GUARDIANSHIP OVER THE PERSON AND THE ESATE

The parties appeared before the Court on July 25, 2018, for a Hearing on the Petition for Guardianship over the Person and Estate, filed by Christine O'Connor, Sr. Psychiatric Social Worker at the Secured Psychiatric Unit. The parties were initially before the Court on July 11, 2018. At that time, Amy Davidson, Esq., counsel for Mr. Soler, advised the Court that she had not had an opportunity to meet with her client to prepare for the Hearing. (Mr. Soler had rejected the services of the first attorney assigned to represent him.) The Court, therefore, continued the Hearing to allow Attorney Davidson an opportunity to meet with her client to prepare for the Hearing. (The Court subsequently, during the course of the next scheduled Hearing date, learned that Mr. Soler did not meet with his attorney.)

Sandra Bloomenthal, Esq., counsel for the parents, advised the Court on July 11, 2018, that her clients did not object to the guardianship, but if a guardianship was to be ordered, wished to serve as the guardians. They objected to the Office of Public Guardian (OPG) serving as guardian.

The case was initially scheduled to continue on July 20, 2018, but was required to be rescheduled to July 25, 2018, when a Spanish interpreter became unavailable to attend on July 20, 2018.

Present in the courtroom on July 25, 2018 were: Amy Davidson, Esq., Attorney for William Soler; Christine O'Connor, Sr. Social Worker for the Secure Psychiatric Unit; Stephanie Bradley APRN, Secure Psychiatric Unit; Allyson Moore, Rule 36 Attorney for the Petitioner; Heather Neville, Esq., Attorney for the Petitioner; Sandra Bloomenthal, Esq., Attorney for the parents of the proposed ward; Catalina Soler, Mother of the proposed ward; William Soler, Sr., father of the proposed ward; William Soler, Jr., proposed ward; Eric VanGelder, OPG; and Virginia Acosta, Interpreter.

Initially, Mr. Soler stated that Attorney Davidson could remain with him at counsel table to assist him, but that he wished to represent himself. During the course of the Hearing, he stated he wanted Attorney Davidson to take over and to represent him. Further into the Hearing, he stated he did not want Attorney Davidson to continue to represent him. Attorney Davidson remained in the back of the courtroom for the majority of the remainder of the Hearing, to be available were Mr. Soler to agree again to accept her assistance. The Court received testimony at the Hearing from

Petitioner's witnesses, Christina O'Connor and Stephanie Bradley. The Court also received testimony from Mr. Soler. Counsel for Mr. Soler's parents stated, on the record, that Catalina Soler, mother, and William Soler, Sr., father, wished to serve as guardians, if a guardian was to be appointed. William Soler, Jr. stated that if a guardian were to be appointed, he would request that only his father serve.

Although no testimony was offered by the Petitioner from a person who was present who witnessed the behavioral incidences set forth in the Amended Petition for Guardianship, the Court, nevertheless, finds, based on the testimony received by the Court, that the Petitioner has proven, beyond a reasonable doubt, the need for a guardianship to be granted over the person and the estate of William Soler, Jr.

Mr. Soler is currently at the Secure Psychiatric Unit (SPU), where he was transferred in February 2018 from the Merrimack County House of Corrections. Mr. Soler has a diagnosis of Paranoid Schizophrenia, as well as medical diagnoses of thyroid issues and Diabetes. He has been in the mental health system since 2002. His psychiatric condition is treated with anti-psychotic medications. When Mr. Soler takes his medication, he is able to do well. When he refuses psychiatric medication, his symptoms worsen. When he came to the Psychiatric Unit in February, he was refusing medication. (Testimony C. O'Connor). Mr. Soler has refused psychiatric medication for a four-month period. However, for a two-week period in May, 2018, he did agree to take oral medication. Three days after that period, while the effect of the medication was still in his system, he was able to meet with Ms. Bradley, a meeting he requested, to give her an apology for his prior behavior. He, however, stopped his medication three days before that meeting in May. Without medication, he is unable to move forward. His symptoms include delusion. He hears voices. He believes there is a conspiracy against him. He believes his food is poisoned and, therefore, refuses to eat it. He believes staff has tried to overdose him. He believes Adam Sandler is part of the conspiracy against him. ( Testimony S. Bradley; Testimony W. Soler, Jr.). Mr. Soler, for the two months prior to the Hearing, has refused to interact with his clinician or attend group. (Testimony C. O'Connor.). (Although he attended one group meeting the day before the Hearing.)

Mr. Soler's mental health issues are worsening. If a patient goes untreated with a diagnosis of Schizophrenia, brain degeneration may occur which may not be reversible. ( Testimony S. Bradley). Mr. Soler does not believe he has a mental illness. Testimony W. Soler, Jr. The Court finds that Mr. Soler is unable to make an informed decision about his need for medication. Without medication, his symptoms will continue. He does not have insight into his psychiatric illness, and he is unable to engage in a rational dialogue about treatment for his mental illness. Without being on medication and following a treatment plan, Mr. Soler will not be able to be referred to New Hampshire Hospital and will be required to remain at the Secure Psychiatric Unit. (Testimony C. O'Connor; S. Bradley). While at SPU, Mr. Soler has had three Personal Safety Emergencies (PSE), the most recent occurring on June 19, 2018, which resulted in Mr. Soler receiving medication by injection against his will. (Testimony C. O'Connor; S. Bradley). A PSE is called when there is a serious eminent risk of harm to Mr. Soler or others. (Testimony S. Bradley). The PSE which occurred in February 2018 required the use of a four-point restraint. (Testimony S. Bradley). Mr. Soler's behavior can vary from polite and interactive to demeaning and aggressive. Stephanie Bradley testified that she was removed from his treatment team after Mr. Soler wrote a sexually graphic letter about her addressed to "Prison (SPU) Personnel." Mr. Soler, in his testimony, admitted to incidents which included having

been pepper sprayed (which he stated was for no reason); threatening to throw a cup of urine on staff; telling a nurse "to go f herself," and disrobing the week before the Hearing in the day area.  The Court finds that Mr. Soler is unable to make rational decisions about his psychiatric treatment at this time.  He lacks the ability to make informed decisions about his illness and treatment.  He cannot weigh the risks and benefits of treatment.

The Court finds, based on the testimony received, as well as Mr. Soler's demeanor, interactions and outbursts observed in the courtroom, that Mr. Soler is unable to make informed decisions about both his psychiatric and financial needs.  Mr. Soler, when in the community, had a vehicle, received Social Security, and had a Section 8 Housing Voucher.  The Court finds that Mr. Soler needs assistance to address and make appropriate financial decisions.  The Court, therefore, finds it is necessary for the appointment of a guardian over both the person and the estate of William Soler, Jr.

## GUARDIAN

The Petitioner requests the appointment of the Office of Public Guardian to serve as guardian in this matter.  The parents initially requested that both parents be appointed as guardian.  Mr. Soler requested that only his father be appointed.  The parents then stated that they would agree to just Mr. Soler, Sr. serving as guardian.  The Court finds it is appropriate for OPG to be appointed as guardian. Mr. Soler's mother would not be appropriate, given that he has previously threatened his mother. He has also previously stated he did not want either of his parents to serve as guardian.  Ms. O'Connor described the relationship between Mr. Soler and his parents as fragile.  He has sometimes refused to meet with them.  While Mr. Soler's father was described as always having advocated for his son, Ms. O'Connor testified that the last two voicemails left by Mr. Soler, Sr. were of a threatening nature. The Court finds that it is in Mr. Soler's best interest for an independent guardian, the Office of Public Guardian, to be appointed at this time.  The Court ORDERS that OPG is to maintain ongoing contact with Mr. Soler's parents and is authorized to share with them information about Mr. Soler's healthcare needs, medications and treatment plan.  However, the sole decision maker with regard to issues of treatment and medication remains OPG.


**So Ordered.**

August  8  , 2018
_____
Date

_____
Hon. Margaret-Ann Moran, Judge

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
32 Clinton Street
Concord NH 03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## GUARDIAN OVER THE PERSON AND ESTATE
## ORDER

Case Name:     **Guardianship of William Soler, JR**
Case Number:   **317-2018-GI-00414**

After a hearing held at this court, and upon due consideration of the petition for guardianship filed by **Christine O'Connor** and all the evidence proffered thereon, the court renders the following findings as required by RSA 464-A:9, III (a)-(d), namely:

(a) **William Soler JR** ("ward") is incapacitated.

(b) Guardianship is necessary as a means of providing for the ward's continuing care, supervision, and rehabilitation and for the prudent management of the ward's property and financial affairs.

(c) There are no available alternative resources, which are suitable with respect to the ward's welfare, safety or rehabilitation and for the prudent management of the ward's property and financial affairs.

(d) Guardianship is appropriate as the least restrictive form of intervention consistent with the preservation of the ward's civil rights and liberties.

The court finds that the ward is incapable of exercising the following rights, namely, the right to: Travel or decide where to live.

Refuse or consent to medical or other professional care, counseling, treatment or service, including the right to be admitted or discharged from any hospital or other medical institution providing such at the lawful direction of the guardian of the person.

Have access to, grant release of, withhold, deny, or refuse authorization for the guardian of the person to obtain access to and release of the ward's confidential records and papers insofar as the same may be reasonably needed by the guardian of the person to ensure that the ward's mental, emotional and physical health concerns are properly addressed and treated.

Possess or manage real or personal property or income from any source.

Lend or borrow money.

Pay or collect debts.

NHJB-2445-Pe (06/19/2015)

*37*

Case Name: <u>Guardianship of William Soler, JR</u>
Case Number: <u>317-2018-GI-00414</u>
<u>**GUARDIAN OVER THE PERSON AND ESTATE - ORDER**</u>

Cancel, reject, or oppose any authority or power of the guardian of the estate duly exercised pursuant to this order.

Make contracts or grant power of attorney or other authorizations.

**See Supplemental Order**

# APPOINTMENT

The court appoints **Office of Public Guardian** as guardian over the person and the estate of the ward. The guardian's mailing address is **2 Pillsbury Street  Suite 400  Concord, NH  03301** and his/her telephone number is **Work: 603-224-8041**.  The guardian is granted the right to exercise those rights as specified in this document, subject to any limitations imposed upon the guardian under RSA 464-A, and such other limitations including but not limited to those listed in this document.  The guardian of the person and estate shall act with respect to the ward in a manner which safeguards, to the greatest extent possible, the ward's civil rights, and shall restrict the ward's personal freedom only to the extent necessary.

# GUARDIANSHIP OF THE PERSON

The guardian of the person shall have all the rights and powers specified herein, subject to those orders and limitations also specified herein, namely:

The right and authority to determine where the ward travels or lives.

The right and authority to determine if refusal should be made or consent should be given to any medical or other professional care, counseling, treatment, or service provided however, that:

a.   The guardian of the person shall not have the right or authority to place the ward in the New Hampshire Hospital or a similar state institution, except pursuant to RSA 464-A:25 I,(a), without the prior approval of the court; and

b.   The guardian of the person shall not have the right or authority to give consent to or contract for psychosurgery, electroshock therapies, sterilization or any other experimental or extraordinary treatment or procedure of any nature without the prior approval of the court.

The right and authority to gain access to all confidential records and papers of the ward for the limited purpose of assessing and addressing the ward's personal needs and concerns from time to time.

The duty to file an annual report of the present status, circumstances, and condition of the ward within ninety (90) days of each anniversary date of appointment in accordance with the provisions of RSA 464-A:35.

To the extent not otherwise encompassed within the foregoing, the guardian of the person shall have all of the rights, powers and authorities set forth in RSA 464-A:25.

Case Name: Guardianship of William Soler, JR

Case Number: 317-2018-GI-00414

**GUARDIAN OVER THE PERSON AND ESTATE - ORDER**

# GUARDIANSHIP OF THE ESTATE

The guardian of the estate shall have all the rights and powers specified herein, subject to those orders and limitations also specified herein, namely:

The guardian of the estate shall have authority to exercise all of the rights and powers set forth in RSA 464-A:26, I and II, except the following, which shall not occur or be undertaken without prior written court approval in each instance.

The guardian over the estate:

a. Shall not make any gift of any property or assets of the ward.

b. Shall not sell, mortgage, pledge, lease, or exchange any property of the ward.

c. Shall not purchase any undivided fractional part of real estate.

d. Shall not purchase a homestead for the ward.

e. Shall not use funds from the ward's estate for room, board, or support which the guardian of the estate or the spouse, parent, or child of the guardian of the estate have furnished the ward.

f. Shall not apply any assets of the ward's guardianship to the guardian of the estate's own personal benefit, whether or not as compensation for services or out-of-pocket expenses.

The guardian over the estate shall hold all assets of the ward's guardianship in the name of the ward with a notation of the name of the guardian of the estate, and shall not be held in the name of a nominee.

The guardian of the estate shall render annual accountings in accordance with RSA 464-A:36, and a final accounting in accordance with RSA 464-A:40.

Case Name: <u>Guardianship of William Soler, JR</u>

Case Number: <u>317-2018-GI-00414</u>

<u>GUARDIAN OVER THE PERSON AND ESTATE - ORDER</u>

This order shall become effective only upon receipt and approval of the bond which the guardian has been ordered to file, and the court's further signature below acknowledging and approving the filing of the bond.

☒ **Judge Signature:**

<u>July 29, 2018</u>
Date

*Margaret Ann Moran*
Judge Margaret Ann Moran

The bond as ordered having been filed and approved, the above order is issued and effective this date.

☐ **Recommended:**

☒ **Ordered by the Court:**

*Margaret Ann Moran*
Judge Margaret Ann Moran
08/09/2018

NHJB-2445-Pe (06/19/2015)

Case Name: <u>Guardianship of William Soler, JR</u>

Case Number: <u>317-2018-GI-00414</u>

<u>GUARDIAN OVER THE PERSON AND ESTATE - ORDER</u>

# NOTICE TO WARD

THE WITHIN ORDER APPOINTS **OFFICE OF PUBLIC GUARDIAN** AS GUARDIAN OVER YOUR PERSON AND ESTATE.  YOU HAVE THE RIGHT TO APPEAL THIS ORDER AND THE GUARDIANSHIP APPOINTMENT(S).  IN ORDER TO CLAIM YOUR APPEAL, YOU MUST FILE A NOTICE OF APPEAL AND EIGHT (8) COPIES THEREOF WITH THE CLERK OF THE NEW HAMPSHIRE SUPREME COURT WITHIN THIRTY (30) DAYS OF THE DATE OF THIS NOTICE TO YOU OF THIS DECISION.  YOU HAVE THE RIGHT TO SEEK ALTERATION OR TERMINATION OF THIS GUARDIANSHIP AT ANY TIME.

ANY APPEAL TO THE NEW HAMPSHIRE SUPREME COURT SHOULD BE ADDRESSED AS FOLLOWS:

**Clerk of Court**
**New Hampshire Supreme Court**
**One Charles Doe Drive**
**Concord, New Hampshire 03301**

NHJB-2445-Pe (06/19/2015)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH  03301

Telephone:1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## BOND ORDER

Case Name:    **Guardianship of William Soler, JR**
Case Number:    **317-2018-GI-00414**

Upon consideration of the petition for guardianship, it is decreed that the petition be granted and letters of guardianship be issued.  Prior to the issuance of said letters and order, Wanda J. Duryea; Office of Public Guardian is ordered to file with the court, within <u>30</u> days of this order, a fiduciary bond in the amount of $ <u>10,000.00</u>.

☒ **without sureties**
this bond shall be e-filed using the Fiduciary Bond **(NHJB-2137-Pe)**

☐ **with corporate sureties**
The original bond with corporate sureties must be mailed to:
6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH 03301

☒ **Ordered by the Court:**

<u>March 4, 2021</u>
Date

~~Margaret Ann Moran~~
Judge Margaret Ann Moran

Clerk's Notice
Document sent to parties
on  03/04/2021

Any motion for reconsideration must be filed within
10 days of the date of this notice.   Any appeal to
Supreme Court must be filed within 30 days of the
date of this notice.

NHJB-2974-Pe (09/24/2019)

*13*

# THE STATE OF NEW HAMPSHIRE

## JUDICIAL BRANCH

### NH CIRCUIT COURT

MERRIMACK COUNTY                                          6ᵗʰ CIRCUIT – PROBATE DIVISION – CONCORD

### In re:  Guardianship of William Soler, Jr.

### Case No. 317-2018-GI-00414

## ORDER ON MOTION FOR SUCCESSOR GUARDIAN, MOTION TO TERMINATE GUARDIANSHIP

A hearing was scheduled on March 3, 2021, for what was to be the third day of hearing on the Motion to Terminate the Guardianship and Further Orders to be issued on the Motion for Successor Guardian.  A Motion to Appoint Wanda J. Duryea as Successor Guardian was filed on behalf of the ward, William Soler, Jr., by his counsel on February 24, 2021.  All parties have stated that they are in agreement with the motion, although funding has now been obtained for Tri-County CAP to service the successor guardian. The prior Court order stated that if funding was obtained and a successive guardian was needed, Tri-County CAP would be appointed.  At the hearing, all parties confirmed that they now agreed to Wanda J. Duryea being appointed successor guardian.  Ms. Duryea, who has been involved in these hearings providing representation to Catalina Soler and William Soler, Sr., has known and worked with the family for over a year.  The Court, at this time, given the agreement of all parties, is appointing Wanda J. Duryea as successor guardian.

In appointing Ms. Duryea, the Court rescinds the Prior Order to Appoint Tri-County CAP as guardian if funding became available.  The ward, William Soler, Jr., stated in his Motion to Appoint Wanda Duryea as Successor Guardian that if she was appointed, he  would withdraw his Pending Motion to Terminate the Guardianship.  On the record, William Soler, Jr., through counsel confirmed that with the appointment of Ms. Duryea, the Motion to Terminate was withdrawn.  The Court, therefore, did not proceed with further hearing on the Motion to Terminate the Guardianship on March 3, 2021.

The Court, therefore, orders as follows:

1. Motion for Successor Guardian granted, appointing Wanda Duryea as successor guardian.

2. Motion to Terminate the Guardianship withdrawn.

So Ordered.

Date   3/4/21

Hon. Margaret Ann Moran, Judge

13

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH 03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## GUARDIAN OVER THE PERSON
## ORDER

Case Name:     **Guardianship of William Soler, JR**
Case Number:   **317-2018-GI-00414**

Having granted the motion to terminate estate guardianship on January 13, 2020 and granted the Motion for Successor Guardian on March 03, 2021, the court renders the following findings as required by RSA 464-A:9, III (a)-(d), namely:

(a) **William Soler JR**  ("ward") is incapacitated.

(b) Guardianship is necessary as a means of providing for the ward's continuing care, supervision, and rehabilitation.

(c) There are no available alternative resources which are suitable with respect to the ward's welfare, safety or rehabilitation.

(d) Guardianship is appropriate as the least restrictive form of intervention consistent with the preservation of the ward's civil rights and liberties.

The court finds that the ward is incapable of exercising the following rights, namely, the right to:
Travel or decide where to live.

Refuse or consent to medical or other professional care, counseling, treatment or service, including the right to be admitted or discharged from any hospital or other medical institution providing such at the lawful direction of the guardian of the person.

Have access to, grant release of, withhold, deny, or refuse authorization for the guardian of the person to obtain access to and release of the ward's confidential records and papers insofar as the same may be reasonably needed by the guardian of the person to ensure that the ward's mental, emotional and physical health concerns are properly addressed and treated.

Cancel, reject, or oppose any authority or power of the guardian of the person duly exercised pursuant to this order.

Make contracts or grant power of attorney or other authorizations.

NHJB-2446-Pe (06/14/2019)

13.

Case Name: <u>Guardianship of William Soler, JR</u>
Case Number: <u>317-2018-GI-00414</u>
<u>GUARDIAN OVER THE PERSON - ORDER</u>

## APPOINTMENT

The court confirms the appointment of **Wanda J. Duryea** as successor guardian over the person of the ward. The guardian's mailing address is **1137 Meaderboro Rd   Farmington NH  03835** and his/her telephone number is **Work: 603-923-2793**.  The guardian is granted the right to exercise those rights as specified in this document, subject to any limitations imposed upon the guardian under RSA 464-A, and such other limitations including but not limited to those listed in this document.  The guardian of the person shall act with respect to the ward in a manner which safeguards, to the greatest extent possible, the ward's civil rights, and shall restrict the ward's personal freedom only to the extent necessary.

## GUARDIANSHIP OF THE PERSON

The guardian of the person shall have all the rights and powers specified herein, subject to those orders and limitations also specified herein, namely:

The right and authority to determine where the ward travels or lives.

The right and authority to determine if refusal should be made or consent should be given to any medical or other professional care, counseling, treatment, or service provided however, that:

a.   The guardian of the person shall not have the right or authority to place the ward in the New Hampshire Hospital or a similar state institution, except pursuant to RSA 464-A:25 I,(a), without the prior approval of the court; and

b.   The guardian of the person shall not have the right or authority to give consent to or contract for psychosurgery, electroshock therapies, sterilization or any other experimental or extraordinary treatment or procedure of any nature without the prior approval of the court.

The right and authority to gain access to all confidential records and papers of the ward for the limited purpose of assessing and addressing the ward's personal needs and concerns from time to time.

The duty to file an annual report of the present status, circumstances, and condition of the ward within ninety (90) days of each anniversary date of appointment in accordance with the provisions of RSA 464-A:35.

To the extent not otherwise encompassed within the foregoing, the guardian of the person shall have all of the rights, powers and authorities set forth in RSA 464-A:25.

The general power to give or withhold consent to medical treatment under RSA 464-A:25, I (d) can include the power to withdraw life-sustaining treatment, in appropriate circumstances, without prior court approval.  See In Re Guardianship of L.N., 173 N.H.-(decided February 19, 2020).

Initial guardianship over the person and estate was granted July 19, 2018.

NHJB-2446-Pe (06/14/2019)

Case Name: <u>Guardianship of William Soler, JR</u>

Case Number: <u>317-2018-GI-00414</u>

<u>GUARDIAN OVER THE PERSON - ORDER</u>

This order shall become effective only upon receipt and approval of the bond which the guardian has been ordered to file, and the court's further signature below acknowledging and approving the filing of the bond.

☒ **Judge Signature:**

March 4, 2021
Date

_Margaret Ann Moran_
Judge Margaret Ann Moran

The bond as ordered having been filed and approved, the above order is issued and effective this date.

☒ **Ordered by the Court:**

March 4, 2021
Date

_Margaret Ann Moran_
Judge Margaret Ann Moran

Case Name: <u>Guardianship of William Soler, JR</u>

Case Number: <u>317-2018-GI-00414</u>

<u>**GUARDIAN OVER THE PERSON - ORDER**</u>

# NOTICE TO WARD

The within order appoints **Wanda J. Duryea** as successor guardian over your person.  You have the right to seek alteration or termination of this guardianship at any time.

You have the right to appeal this order and the guardianship appointment(s).  To appeal, you must file a notice of appeal with the clerk of the New Hampshire Supreme Court within thirty (30) days of the date of this notice.

Unless filed electronically in accordance with the New Hampshire Supreme Court rules, any appeal to the New Hampshire Supreme Court should be addressed as follows:

> **Clerk of Court**
> **New Hampshire Supreme Court**
> **One Charles Doe Drive**
> **Concord, New Hampshire 03301**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH 03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

Case Name: **Guardianship of William Soler, JR**
Case Number: **317-2018-GI-00414**

**Notice to Parties:**

On March 03, 2021 and March 04, 2021, Judge Margaret Ann Moran issued orders relative to:

Motion to Appoint Wanda Duryea as Successor Guardian;

Order on Motion for Successor Guardian, Motion to Terminate Guardianship;

and

Guardian Over The Person Order.

Please review all e-mails and mail which may contain orders, notices or important information about your case.

Any Motion for Reconsideration must be filed with this court by March 14, 2021. Any appeals to the Supreme Court must be filed by April 03, 2021.

March 04, 2021

Sharon A. Richardson
Clerk of Court

C: William Soler, JR (regular mailed); William Soler, SR (regular mailed); Catalina Soler (regular mailed); Amy B. Davidson, ESQ; Wanda J. Duryea; Tracy M. Culberson, ESQ; NH Hospital; Tri-County CAP, Inc.; DHHS; Michael Richard Grandy, ESQ

NHJB-2437-FPe (05/23/2017)

13.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## CERTIFICATE OF APPOINTMENT
(Letter of Appointment)


Case Name:     **Guardianship of William Soler, JR**
Case Number:   **317-2018-GI-00414**

On March 04, 2021, the following person(s) was/were appointed to perform the duties of successor guardian(s) over the person of William Soler, JR, c/o NH Hospital  36 Clinton Street  Concord NH 03301 .  The named guardian(s) accepted this responsibility.

Guardian(s)

Wanda J. Duryea                     1137 Meaderboro Rd                     Work: 603-923-2793
                                    Farmington NH  03835

The rights, duties, and powers of the guardian(s) are stated in orders issued by the court and are limited or restricted as expressly stated in those documents.


This document certifies that this appointment did occur as stated and remains in effect as dated below.

I certify that this is a true and correct copy of the Certificate of Appointment existing in the official court record in this case.

March 04, 2021                      /s/ Sharon A. Richardson
                                    Clerk of Court
                                    State of New Hampshire
                                    Merrimack County




This electronic certification stamp meets the statutory requirement for certified or attested documents pursuant to Supplemental Rules of the Circuit Court of New Hampshire for Electronic Filing.

NHJB-2506-Pe (06/19/2015)

130

Case 1:20-cv-00517-PB   Document 12   Filed 08/31/21   Page 22 of 23

**IMPORTANT INFORMATION**
<u>Guardianship Over Person</u>
<u>Incapacitated</u>

**<u>Forms enclosed:</u>**

<u>Guardian Over Person Order.</u>   Must be kept by the guardian for the records of the guardianship.  The order specifies the rights, duties and powers of the guardian.

<u>Certificate of Appointment (Letter of Appointment with court seal).</u>  Must be kept by the guardian for the records of the guardianship.   Additional Certificates of Appointment may be obtained from the probate division for an additional fee.

**<u>Following are the forms that are likely to be required for this case:</u>**

<u>Annual Report of the Guardian of the Person</u>  RSA 464-A:35 requires that the guardian of an incapacitated person (ward) file an annual report each year to report on the general status of the ward.  This form serves as that report.

<u>Motion To Terminate Guardianship</u>  This form is filed with the court to request that a guardianship be terminated.

**<u>Other forms may be required.  Unless otherwise allowed, all filings are to be done electronically through the Electronic Services icon at the courts website:</u>**
**<u>www.courts.state.nh.us</u>**

This electronic certification stamp meets the statutory requirement for certified or attested documents pursuant to Supplemental Rules of the Circuit Court of New Hampshire for Electronic Filing.

NHJB-2506-Pe (06/19/2015)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### NH CIRCUIT COURT

6th Circuit - Probate Division - Concord
2 Charles Doe Drive, Suite 1
Concord NH  03301

Telephone 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## IMPORTANT DUE DATES

Case Name:     **Guardianship of William Soler, JR**
Case Number:   **317-2018-GI-00414**

The court has appointed Office of Public Guardian; Wanda J. Duryea as guardian(s) in this case.  If there is an attorney for the fiduciary, the signed certificate of appointment has been sent to the attorney's office.  Please note the following forms are due on the dates listed below.

| Form Name | Due Date |
| --- | --- |
| Annual Report | August 08, 2021 |

Please Note:
If you fail to file these forms on time, you may be subject to late fees and/or an order to appear before the court.  An information sheet describing the forms and instructions which may be needed for this case is enclosed.

The guardian is responsible for notifying the court of address changes for any party in the case.

March 04, 2021

Sharon A. Richardson
Clerk of Court

C: Wanda J. Duryea
(e-Served and regular mailed)

This electronic certification stamp meets the statutory requirement for certified or attested documents pursuant to Supplemental Rules of the Circuit Court of New Hampshire for Electronic Filing.

NHJB-2506-Pe (08/19/2015)