**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>William Soler Jr.</u>

   v.                                      Case No. 20-cv-517-PB

<u>Christopher T. Sununu et al.</u>

**O R D E R**

Before the Court is Plaintiff William Soler Jr.'s "Motion for Reconsideration to Appoint Counsel/Objection to No Appointment of Counsel" (Doc. No. 17), filed in response to this Court's February 16, 2022 Order (Doc. No. 16) ("February 16 Order") to the extent the February 16 Order denied Mr. Soler's previously-filed motion for court-appointed counsel (Doc. No. 13).  The Court construes the instant filing as a motion to reconsider the February 16 Order in part, to the extent that Order denies Mr. Soler court-appointed counsel to represent Mr. Soler in this case.

**<u>Motion for Reconsideration</u>**

In support of Mr. Soler's request for court-appointed counsel, the instant motion asserts that he: "has a remarkable history of serious mental illness," Feb. 22, 2022 Pl.'s Mot. to Recons. (Doc. No. 17, at 1); has previously been deemed incompetent to stand trial in State court; has difficulty

organizing his thoughts, which is "a major manifestation" of his mental illness, id.; takes a "number of anti-psychotic medications to treat his symptoms" which "have a profound impact on the ability to reason and process complex information," id. at 1-2; and that due to his mental illness, proceeding without counsel would render him unable "to coherently argue his claims," id. at 2.  Further, Mr. Soler's motion asserts that he is indigent and thus unable to retain counsel, and has no access to the internet at the New Hampshire Hospital, where is currently receiving mental health treatment pursuant to a State court civil commitment.

As noted in its denial of Mr. Soler's previous request for appointed counsel, "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.3d 15, 23 (1st Cir. 1991).  However, under 28 U.S.C. § 1915(e)(1), this Court may request that an attorney represent an indigent litigant.  In deciding whether to make such a request, the Court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself," to determine whether the case presents "exceptional circumstances" warranting relief.  Id. at 24.

Considering such factors, in light of the totality of the circumstances, the Court at this time reconsiders and vacates

2

the February 16 Order in part, specifically, to the extent it denied Mr. Soler's motion for appointment of counsel (Doc. No. 13). The Court now grants that motion in part, subject to the Court's ability to identify a suitable lawyer who is willing to accept an appointment to represent Mr. Soler in this case pro bono. See 28 U.S.C. § 1915(e)(1). The Court will notify the plaintiff, by March 25, 2021, as to the status of the Court's inquiry. If Counsel willing to represent Mr. Soler cannot be identified by that date, the Court will issue another Order at that time.

The Clerk's office shall attempt to locate suitable counsel using the list of attorneys registered to file documents electronically in this Court. Counsel shall be notified by the Clerk's office that she or he is free to decline the Court's request that she or he represent Mr. Soler pro bono without negative consequences. Counsel shall further be notified that no court funds would be available to pay attorney fees and costs in this case, except that counsel may request court funds to pay for expert expenses, not to exceed $5000.00, if counsel determines that, in his or her professional opinion, expert services are needed to represent Mr. Soler. Upon request, the Clerk's office shall forward to counsel a copy of the pleadings and other documents in this case. Counsel, upon request, may have twenty-one days to review the documents and to communicate

with Mr. Soler before making a decision as to whether to accept the appointment.

**Representation of Mr. Soler if No Suitable Attorney is Found**

The Court notes that it appears Mr. Soler signed the motion to reconsider, which was drafted by Mr. Soler's State-court-appointed guardian, Wanda Duryea. Because Mr. Soler has signed the motion, the Court construes the motion as having been filed by Mr. Soler on his own behalf.

Mr. Soler may represent himself in this matter, as his guardianship does not prevent him from bringing and maintaining lawsuits on his own behalf. See Aug. 31, 2021 Report of Guardian Ad Litem (Doc. No. 12., at 2-3); see also 28 U.S.C. § 1654 (in federal courts "the parties may plead and conduct their own cases personally or by counsel"). Alternatively, Mr. Soler may be represented by counsel (appointed or retained). See 28 U.S.C. § 1654. Mr. Soler cannot be represented in this Court, however, by an individual who is not an attorney. See id.; LR 83.6(b) ("A pro se party may not authorize another person who is not a member of the bar of this Court to appear on his or her behalf. This includes a spouse or relative and any other party on the same side who is not represented by an attorney.").

In the instant motion, Ms. Duryea states that she has Mr. Soler's power of attorney, which authorizes her to sign a

4

document on his behalf.  Even so, as his guardian, Ms. Duryea cannot appear in Mr. Soler's place, or litigate the matter on his behalf, unless she is an attorney, and files an appearance on Mr. Soler's behalf in that capacity.  See Katz v. McVeigh, 2013 DNH 37, 931 F. Supp. 2d 311, 333 (D.N.H. 2013) (parent appointed as guardian of adult daughter's estate cannot litigate claims in federal court on daughter's behalf without retaining counsel for her).    I

## Conclusion

For the foregoing reasons, the Court directs as follows:

1.   Mr. Soler's motion to reconsider (Doc. No. 17) the portion of the Court's February 16, 2022 Order (Doc. No. 16) denying his motion for court-appointed counsel (Doc. No. 13) is GRANTED IN PART, as follows:

    a.   The Court reconsiders, and vacates in part, the February 16, 2022 Order (Doc. No. 16) to the extent it denied Mr. Soler's motion to appoint counsel (Doc. No. 13).  The February 16, 2022 Order otherwise remains in force.

    b.   The Court now GRANTS Mr. Soler's motion to appoint counsel (Doc. No. 13), in part, to the extent pro bono counsel can be found to represent Mr. Soler in this matter.

2.   The Clerk's office is directed to attempt to find counsel to represent Mr. Soler in this matter, as set forth in this Order.

3.   The Court will notify Mr. Soler, by March 25, 2021, as to the status of its efforts to find pro bono counsel to represent him in this matter.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

February 28, 2022

cc:   William Soler Jr., pro se