# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

```
*************************************
William Soler, Jr.,              *
                                 *
         Plaintiff,              *
    v.                           *      Civil No. 1:20-cv-00517-PB
                                 *
Christopher T. Sununu, et al.,   *
                                 *
         Defendants.             *
                                 *
*************************************
```

## JOSHUA N. DEBLOIS'S ANSWER TO THE COMPLAINT

Defendant Joshua N. Deblois ("Deblois) by and through his attorneys, the Office of the New Hampshire Attorney General, answers and responds as follows to Plaintiff William Soler Justice's complaint (ECF No. 1) and the claims remaining after the Court's preliminary review and Amended Report and Recommendation (ECF No. 29).

## ADMISSIONS & DENIALS

Defendant generally denies the allegations Plaintiff sets forth in his complaint. See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5). As to any claims raised against defendants other than Deblois, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's allegations and to the extent a response is required, those claims are denied.

Defendant responds to the claims identified in the Amended Report and Recommendation of December 2, 2022 (ECF No. 29).

As to specific facts within Plaintiff's complaint, Defendant responds to the following:

1. ¶1: Defendant is without information to confirm or deny, and leaves Plaintiff to his proof.

2. ¶13: Defendant admits that he is a citizen of the United States, and for dates of the allegation was an employee of the New Hampshire Department of Corrections ("DOC").

3. ¶33: Admitted that Plaintiff was housed in the Secure Psychiatric Unit ("SPU") on February 18, 2018. Defendant denies that Plaintiff was "banging on the cell door for approximately 10 minutes." By way of further response, Defendant states Plaintiff was banging on the door for approximately 45-50 minutes and refused to quiet or calm despite multiple attempts to discuss what was upsetting Plaintiff. Plaintiff further stated that he was "ready for combat," and refusing to stop banging on the cell door.

4. ¶35: Admitted that on February 18, 2018, Defendant entered the cell holding Plaintiff and extracted plaintiff. By way of further response, Defendant states that Plaintiff refused to calm down, to present himself to be cuffed up for restraint. Plaintiff further stripped himself naked and moved to stand on his bed in the corner of the cell. Defendant with colleagues prepared to and entered the cell, whereupon Plaintiff refused an additional command to get down from the bed and accept being cuffed. For safety of all involved, Defendant deployed the use of his taser allowing Plaintiff to be restrained and checked by medical personnel prior to transport.

5. ¶36: Admitted that Plaintiff stripped himself naked prior to security personnel entering the cell. Further admitted that Plaintiff was handcuffed, double locked, and checked for capillary flow, whereupon Plaintiff was moved to a portable stretcher for medical check and transport.

6. ¶55: Defendant admits that Plaintiff was awakened in order to confirm whether he was calm enough to return to his cell, Defendant denies that it was "roughly." Defendant is

without information to confirm or deny whether Plaintiff was strip search after being released from restraint, and therefore denies.

7. ¶¶56-64: Defendant is without knowledge to confirm or deny any filings, complaints, or lawsuits filed by Plaintiff, and therefore denies.

8. As to the remaining paragraphs and factual assertions not previously addressed above, Defendant is without information to admit or deny, and therefore denies.

9. Defendant responds to the "Counts" as identified in the Amended Report and Recommendation below. To the extent there are additional allegations against Defendant not addressed above or in the following counts, Defendant is without information to admit or deny, and therefore denies.

**I. Defendant's Response to the Claims Identified in the Amended Report & Recommendation**

10. Claim 1(a)[1] – Defendant denies that the use of force on February 18, 2018 in order to restrain Plaintiff was objectively unreasonable, that Plaintiff was "banging on his cell door for 10 minutes," but rather closer to 50 minutes despite repeated requests to stop and attempts to deescalate.

11. Claim 1(a)(i) – Defendant admits that a taser was deployed in order to restrain Plaintiff.

12. Claim 1(a)(ii) – Denied. By way of further answer, Plaintiff had stripped himself naked, and stood upon the back corner of his bed stating that he was "ready for combat" prior to the entry of security personnel; upon deployment of the taser, Plaintiff dropped onto the bed and was secured by personnel prior to transport and medical check. Defendant is without

---

[1] Amended Report and Recommendation (ECF 29) identifies three subparts to Claim 1, only 1(a) is directed to Defendant Deblois. To the extent a response is required by Defendant Deblois as to Claims 1(b) or 1(c), Defendant is without information to admit or deny and therefore denies.

information as to whether the inmate had removed the mattress from the frame at the time of the incident, and therefore denies.

13. Claim 1(a)(iii) – Denied. By way of further answer, administration, and the decision to administer medicine, is performed by medical personnel and neither the decision to nor the act of administering medicine was performed by Defendant.

14. Claim 1(a)(iv) – Denied that Plaintiff was transported "roughly." By way of further answer, once Plaintiff was restrained, medical personnel determined that that Plaintiff required what is referred to as four-point restraints; Plaintiff was strapped to a portable stretcher for transport.

15. Claim 1(a)(v) – Denied. By way of further answer, Defendant states that medical personnel make the decision as to whether four-point restrain is necessary. Four-point restraint is not a punishment, but rather is utilized to restrain a resident for their safety or the safety of others. Defendant is without information to admit or deny the duration of the restraint, and therefore denies.

16. Claim 2(a)[2] – Denied. By way of further answer, Defendant does not identify any claim of having tased Plaintiff on July 13, 2018. Additionally, Defendant had Fridays and Saturdays as non-work days during the time period in question, as July 13, 2018 was a Friday, Defendant states that upon information and belief, was not present at the SPU on that day.

17. Claim 3 – Defendant is without information to admit or deny, and therefore denies. By way of further response, Defendant admits to waking Plaintiff and having a nurse assess him for return to his cell, which occurred.

18. Claim 15(a) – Denied.

---

[2] The Court's Amended Report and Recommendation identifies the date as July 18, 2018 (ECF. No. 27 at 11), however, Plaintiff's Complaint references July 13, 2018 (ECF. No. 1 at ¶¶45-49). Defendant's response presumes the Plaintiff's alleged date is accurate.

19. Claim 15(b) – Denied.

20. Claim 15(c)(i) – Denied.

21. Claim 15(c)(ii) – Denied.

22. Claim 15(c)(iii) – Denied.

23. Claim 15(d) – Denied.

24. Claim 15(e) – Denied.

4. <u>Remaining Allegations</u>:  Plaintiff makes no allegation against Defendant in the other surviving claims contained within the Complaint and therefore no further response is required, to the extent one is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them.  <u>See</u> Fed. R. Civ. P. 8(b)(1)(B).

5. <u>Relief Requested</u>:  Defendant Deblois generally denies that Plaintiff is entitled to the relief he requests.

## AFFIRMATIVE DEFENSES

6. In asserting the following affirmative defenses to Plaintiff's claims, Deblois does not concede that the assertion of such defenses imposes any burden of proof on Defendants with respect thereto.

7. **First Affirmative Defense:**  Plaintiff has failed to properly exhaust his available administrative remedies.  <u>See</u> 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].

8. **Second Affirmative Defense:**  Plaintiff's claims for monetary damages, including but not limited to mental or emotional injury and punitive damages, are barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

9. **Third Affirmative Defense:**  The Plaintiff has not suffered any damages, as the damages alleged preceded any of the alleged accrual of claims brought by Plaintiff.

10. **Fourth Affirmative Defense:**  Defendant has not violated Plaintiff's federal constitutional right to receive adequate medical care.

11. **Fifth Affirmative Defense:** Defendant has not violated Plaintiff's Eighth Amendment rights.

12. **Sixth Affirmative Defense:** Defendant has not violated professional standards of medical care.

13. **Seventh Affirmative Defense:**  The Plaintiff's claims are barred and/or reduced by assumption of risk, and contributory and/or comparative fault.

14. **Eighth Affirmative Defense:**  Defendant is not a medical professional nor does he supervise medical professionals in making medical decisions.

14. **Ninth Affirmative Defense:** Defendant is entitled to assert all applicable immunities to Plaintiff's claims against them, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

15. **Tenth Affirmative Defense:**  Plaintiff has failed to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

16. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses or affirmative defenses. Defendant reserves the right to assert any additional defenses or affirmative defenses that

discovery indicates may be appropriate. Defendant likewise reserves the right to amend or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendant respectfully demands a jury trial on all issues so triable and request that this Honorable Court:

A. Enter judgment in favor of Defendant;

B. Dismiss the operative complaint; and

C. Grant such other and further relief as justice may require.

Respectfully submitted,

JOSHUA N. DEBLOIS

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

Dated: February 23, 2023

/s/   Lawrence P. Gagnon
Lawrence P. Gagnon, Bar No. 271769
Assistant Attorney General
Civil Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
lawrence.p.gagnon@doj.nh.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, postage prepaid this _23_ day of February, 2023, to William Soler Justice 51 Storrs St #310, Concord, NH 03301.

/s/  Lawrence P. Gagnon
Lawrence P. Gagnon