**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

***********************************
William Soler, Jr., *
*
Plaintiff, *
v. * Civil No. 1:20-cv-00517-PB
*
Christopher T. Sununu, et al., *
*
Defendants. *
*
***********************************

## FRANK LOGAN'S ANSWER TO THE COMPLAINT

Defendant Frank H. Logan, III ("Logan") by and through his attorneys, the Office of the New Hampshire Attorney General, answers and responds as follows to Plaintiff William Soler Justice's complaint (ECF No. 1) and the claims remaining after the Court's preliminary review and Amended Report and Recommendation (ECF No. 29).

## ADMISSIONS & DENIALS

Defendant generally denies the allegations Plaintiff sets forth in his complaint. See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5). As to any claims raised against defendants other than Logan, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's allegations and to the extent a response is required, those claims are denied.

Defendant responds to the claims identified in the Amended Report and Recommendation of December 2, 2022 (ECF No. 29).

As to specific facts within Plaintiff's complaint, Defendant responds to the following:

1. ¶1: Defendant is without information to confirm or deny, and leaves Plaintiff to his proof.

2. ¶11: Defendant admits that he is a citizen of the United States, and for dates of the allegation was an employee of the New Hampshire Department of Corrections ("DOC").

3. ¶38: Admitted.

4. ¶39: Defendant is without sufficient information to confirm or deny, and therefore denies.

5. ¶40: Defendant is without sufficient information to confirm or deny, and therefore denies.

6. ¶41: Defendant is without sufficient information to confirm or deny, and therefore denies.

7. ¶42: Admitted that Plaintiff had used his mattress to block the gap between the door and frame and that he was ordered to remove it. To the extent this paragraph contains additional allegations, Defendant is without sufficient information to confirm or deny, and therefore denies.

8. ¶43: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

9. ¶44: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

10. ¶45: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

11. ¶46: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

12. ¶47: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

13. ¶48: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

14. ¶49: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

15. ¶50: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

16. ¶51: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

17. ¶52: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

18. ¶53: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

19. ¶54: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

20. ¶55: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

21. ¶69: Denied.

22. ¶70: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

23. ¶71: Defendant is without sufficient information to confirm or deny the allegations in this paragraph, and therefore denies.

24. As to the remaining paragraphs and factual assertions not previously addressed above, Defendant is without information to admit or deny, and therefore denies.

25. Defendant responds to the "Counts" as identified in the Amended Report and Recommendation below. To the extent there are additional allegations against Defendant not addressed above or in the following counts, Defendant is without information to admit or deny, and therefore denies.

## I. Defendant's Response to the Claims Identified in the Amended Report & Recommendation

26. Claim 1(b) [1] – Defendant denies that the use of force on April 10, 2018 in order to restrain Plaintiff was objectively unreasonable. Defendant further denies that Plaintiff was compliant with instruction. Defendant is without sufficient information to confirm or deny the duration of time between the initiation of the incident and Plaintiff's removal from the cell.

27. Claim 1(b)(i) – Defendant admits that a pepper spray was deployed in order to prevent aggressive action by Plaintiff.

28. Claim 1(b)(ii) – Defendant is without sufficient information to confirm or deny and therefore denied.

29. Claim 1(c)(ii) – Admitted that Defendant participated in an extraction and securing of Plaintiff. Defendant is without sufficient information to confirm or deny the remaining allegations of this claim and therefore denies.

30. Claim 1(d)(i) – Defendant is without sufficient information to confirm or deny and therefore denies.

[1] Amended Report and Recommendation (ECF 29) identifies four subparts to Claim 1, part 1(a) is not directed to Defendant Logan. To the extent a response is required by Defendant Logan as to Claims 1(a), Defendant is without information to admit or deny and therefore denies.

31. Claim 2(b)(i)-(ii) – Defendant is without sufficient information to confirm or deny and therefore denies.

32. Claim 15(a) – Denied.

33. Claim 15(b) – Denied.

34. Claim 15(c)(i) – Denied.

35. Claim 15(c)(ii) – Denied.

36. Claim 15(c)(iii) – Denied.

37. Claim 15(d) – Denied.

38. Claim 15(e) – Denied.

4. Remaining Allegations: Plaintiff makes no allegation against Defendant in the other surviving claims contained within the Complaint and therefore no further response is required, to the extent one is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. See Fed. R. Civ. P. 8(b)(1)(B).

5. Relief Requested: Defendant Logan generally denies that Plaintiff is entitled to the relief he requests.

## AFFIRMATIVE DEFENSES

6. In asserting the following affirmative defenses to Plaintiff's claims, Logan does not concede that the assertion of such defenses imposes any burden of proof on Defendants with respect thereto.

7. **First Affirmative Defense:** Plaintiff has failed to properly exhaust his available administrative remedies. See 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].

8. **Second Affirmative Defense:** Plaintiff's claims for monetary damages, including but not limited to mental or emotional injury and punitive damages, are barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

9. **Third Affirmative Defense:** The Plaintiff has not suffered any damages, as the damages alleged preceded any of the alleged accrual of claims brought by Plaintiff.

10. **Fourth Affirmative Defense:** Defendant has not violated Plaintiff's federal constitutional right to receive adequate medical care.

11. **Fifth Affirmative Defense:** Defendant has not violated Plaintiff's Eighth or Fourteenth Amendment rights.

12. **Sixth Affirmative Defense:** Defendant has not violated professional standards of medical care.

13. **Seventh Affirmative Defense:** The Plaintiff's claims are barred and/or reduced by assumption of risk, and contributory and/or comparative fault.

14. **Eighth Affirmative Defense:** Defendant is not a medical professional nor does he supervise medical professionals in making medical decisions.

14. **Ninth Affirmative Defense:** Defendant is entitled to assert all applicable immunities to Plaintiff's claims against them, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

15. **Tenth Affirmative Defense:** Plaintiff has failed to state a claim upon which relief may be granted.

**RESERVATION OF RIGHTS**

16. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses or affirmative defenses. Defendant reserves the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. Defendant likewise reserves the right to amend or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendant respectfully demands a jury trial on all issues so triable and request that this Honorable Court:

A. Enter judgment in favor of Defendant;

B. Dismiss the operative complaint; and

C. Grant such other and further relief as justice may require.

Respectfully submitted,

FRANK H. LOGAN, III

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

Dated: February 24, 2023

/s/   Lawrence P. Gagnon
Lawrence P. Gagnon, Bar No. 271769
Assistant Attorney General
Civil Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
lawrence.p.gagnon@doj.nh.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was mailed, postage prepaid this _24th_ day of February, 2023, to William Soler Justice 51 Storrs St #310, Concord, NH 03301.

/s/  Lawrence P. Gagnon
Lawrence P. Gagnon