UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| William Soler, Jr., | |
| Plaintiff, | |
| v. | Civil No. 1:20-cv-00517-PB |
| Christopher T. Sununu, et al., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### HELEN HANKS, COMMISSIONER, PAULA MATTIS, DIRECTOR, DEBORAH ROBINSON, AND CARLENE FERRIER'S ANSWER TO THE COMPLAINT

Defendants Helen Hanks, Commissioner, Paula Mattis, Director, Deborah Robinson, and Carlene Ferrier (collectively "Defendants") by and through their attorneys, the Office of the New Hampshire Attorney General, answers and responds as follows to Plaintiff William Soler Justice's complaint (ECF No. 1) and the claims remaining after the Court's preliminary review and Amended Report and Recommendation (ECF No. 29).

### ADMISSIONS & DENIALS

Defendant generally denies the allegations Plaintiff sets forth in his complaint. See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5). As to any claims raised against defendants other than Logan, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's allegations and to the extent a response is required, those claims are denied.

Defendant responds to the claims identified in the Amended Report and Recommendation of December 2, 2022 (ECF No. 29).

As to specific facts within Plaintiff's complaint, Defendant responds to the following:

1. ¶1: Defendant is without information to confirm or deny, and leaves Plaintiff to his proof.

2. ¶6: Defendant Mattis admits that she is a citizen of the United States, and for dates of the allegation was the Director of Medical-Forensic services at the New Hampshire Department of Corrections ("DOC").

3. ¶7: Defendant Robinson admits that she is a citizen of the United States, and for dates of the allegation was the Administrator of the Secure Psychiatric Unit ("SPU") at the DOC.

4. ¶8: Defendant Hanks admits that she is a citizen of the United States, and for dates of the allegation was the Commissioner at the DOC.

5. ¶10: Defendant Ferrier admits that she is a citizen of the United States, and for dates of the allegation was the Director of Nursing at the DOC.

6. ¶32: Admitted.

7. As to the remaining paragraphs and factual assertions not previously addressed above, Defendants are without information to admit or deny, and therefore deny, and leave Plaintiff to his proof.

8. Defendants respond to the "Counts" as identified in the Amended Report and Recommendation below. To the extent there are additional allegations against Defendants not addressed above or in the following counts, Defendants are without information to admit or deny, and therefore deny, and leave Plaintiff to his proof

9. Defendants further deny that Plaintiff is a Party to the alleged Settlement Agreement referenced in his complaint or that the Agreement provides for a private right of action.

I. **Defendants' Response to the Claims Identified in the Amended Report & Recommendation**

10.     Claim 11 – Defendants deny that they violated Plaintiff's Fourteenth Amendment rights. Defendants further deny that employees of DOC were not trained. Training and the extent thereof of staff is a discretionary function to which Plaintiff has no right of action in relation, and for which Defendants are entitled to discretionary function immunity.

11.     Claim 15(h)(i) – Denied.

12.     Claim 15(h)(ii) – Denied.

13.     Remaining Allegations: Plaintiff makes no allegation against Defendants in the other surviving claims contained within the Complaint and therefore no further response is required, to the extent one is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies them. See Fed. R. Civ. P. 8(b)(1)(B).

14.     Relief Requested: Defendants generally denies that Plaintiff is entitled to the relief he requests.

**AFFIRMATIVE DEFENSES**

15.     In asserting the following affirmative defenses to Plaintiff's claims, Logan does not concede that the assertion of such defenses imposes any burden of proof on Defendants with respect thereto.

16.     **First Affirmative Defense:** Plaintiff has failed to properly exhaust his available administrative remedies. See 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].

17.     **Second Affirmative Defense:** Plaintiff's claims for monetary damages, including but not limited to mental or emotional injury and punitive damages, are barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

18. **Third Affirmative Defense:**  The Plaintiff has not suffered any damages, as the damages alleged preceded any of the alleged accrual of claims brought by Plaintiff.

19. **Fourth Affirmative Defense:**  Defendants have not violated Plaintiff's federal constitutional right to receive adequate medical care.

20. **Fifth Affirmative Defense:** Defendants have not violated Plaintiff's Eighth or Fourteenth Amendment rights.

21. **Sixth Affirmative Defense:** Defendants have not violated professional standards of medical care.

22. **Seventh Affirmative Defense:**  The Plaintiff's claims are barred and/or reduced by assumption of risk, and contributory and/or comparative fault.

23. **Eighth Affirmative Defense:**  Plaintiff lacks standing to bring a private right of action under the referenced Settlement Agreement.

24. **Ninth Affirmative Defense:** Defendant is entitled to assert all applicable immunities to Plaintiff's claims against them, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

25. **Tenth Affirmative Defense:**  Plaintiff has failed to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

26. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses or affirmative defenses.  Defendants reserve the right to assert any additional defenses or affirmative defenses

that discovery indicates may be appropriate.  Defendants likewise reserve the right to amend or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendants respectfully demands a jury trial on all issues so triable and request that this Honorable Court:

A.  Enter judgment in favor of Defendants;

B.  Dismiss the operative complaint; and

C.  Grant such other and further relief as justice may require.

Respectfully submitted,

HELEN HANKS, COMMISSIONER; PAULA MATTIS, DIRECTOR; DEBORAH ROBINSON; CARLENE FERRIER

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

Dated: June 23, 2023

/s/   Lawrence P. Gagnon
Lawrence P. Gagnon, Bar No. 271769
Assistant Attorney General
Civil Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
lawrence.p.gagnon@doj.nh.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, postage prepaid this 23rd day of June, 2023, to William Soler Justice 51 Storrs St #310, Concord, NH 03301.

/s/  Lawrence P. Gagnon
Lawrence P. Gagnon