UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| WILLIAM SOLER JUSTICE<br>        Plaintiff,<br><br>          v.<br><br>GOVERNOR OF THE STATE OF NEW HAMPSHIRE, et al.,<br>        Defendants. | Case No. 1:20-CV-00517-PB |

## **DEFENDANT POTENZA'S MOTION TO DISMISS**

NOW COMES Defendant Dr. Daniel Potenza, by and through his counsel, Paul Frank + Collins P.C. and hereby moves to dismiss the Complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In support of his Motion to Dismiss, Defendant Potenza provides the following memorandum of law.

## **Memorandum of Law**

### I.     **Background**

Plaintiff filed a Complaint on April 28, 2020 (ECF 1). Plaintiff made allegations against numerous defendants related to events that occurred between February 18, 2018 and January 22, 2019. As related to Defendant Potenza, Plaintiff stated only as follows in his Complaint:

> 4. Defendant Daniel P. Potenza M.D. is a citizen of the United States and was, [sic] the Medical Director of New Hampshire Department of Corrections.
>         …
>
> 29. On February 18. 2018, Defendant Daniel P. Potenza was the Medical Director of Secure Psychiatric Unit.

On February 16, 2022, issued a report and recommendation that followed the Court's review of Plaintiff's Complaint and complaint supplements pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). (ECF 15) In the February 16, 2022, Report and Recommendation, the Court

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

recommended dismissing Defendant Potenza. Plaintiff failed to state a cognizable claim against Defendant Potenza. (ECF 15, p. 33).

On December 2, 2019, the Court issued an Amended Report and Recommendation. (ECF 29) The December 2, 2019, Amended Report and Recommendation also reviewed Plaintiff's Complaint. (ECF 1) The Amended Report and Recommendation concluded among other things that Defendant Potenza should be dismissed as Plaintiff had not stated a cognizable claim against him. (ECF 29, p. 34)

In contradiction to the recommendation to dismiss Defendant Potenza, the Report and Recommendation also recommended that Defendant Potenza be served for allegations that the Court described as "Claim 11" and "Claim 15(h)." (ECF 29, p. 33)

Claim 11, per the Court, alleges that defendants, including Defendant Potenza, "violated [Plaintiff's] Fourteenth Amendments right to not be subject to a significant risk to his health and safety while he was in the SPU by failing to train SPU employees to properly interact with and protect SPU patients with serious mental illness." (ECF 29, p. 15-16)

Claim 15(h), per the Court, alleges that defendants, including Defendant Potenza, breached the duty of care to control the conduct of correctional officers in the SPU. (ECF 29, p. 15)

On July 17, 2023, the Court issued an order that required Plaintiff to serve Defendant Potenza and that Defendant Potenza must respond to the Complaint within 21-days of service. (ECF 52, p. 4) Defendant Potenza was served on August 4, 2023. (ECF 61)

**II.     Law and Analysis**

To survive a motion to dismiss for failure to state a claim upon which relief cannot be granted, *see* Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Keach v. Wheeling & Lake Erie Ry. Co. (In re*

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

*Montreal, Me. & Atl. Ry., Ltd.)*, 888 F.3d 1, 6 (1st Cir. 2018) (citations, internal quotation marks and ellipsis omitted). When assessing a complaint, the court must "accept the complaint's well-pleaded facts as true and 'draw all reasonable inferences therefrom in the pleader's favor." *Id*. (quoting *Gonzalez v. Velez*, 864 F.3d 45, 50 (1st Cir. 2017)).

To the extent that Plaintiff is alleging a claim against Defendant Potenza for under Section 1983 for a failure to supervise, courts in the First Circuit have held that "[i]n an action brought under § 1983, supervisors are not automatically liable for the misconduct of those under their command." *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)." A supervisor's liability "can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct, or through conduct that amounts to condonation or tacit authorization." *Whitefield v. Melendez-Rivera*, 431 F.3d 1, 14 (1st Cir. 2005) (external citations omitted). Unless the supervisor directly participated in the deprivation of the plaintiff's constitutional rights, he may only be held liable if: "(1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amount to deliberate indifference." *Whitefield*, 431 F.3d at 14 (external citations omitted).

Here, Plaintiff fails to allege that Defendant Potenza had any "direct participation" in the alleged unconstitutional conduct. *See Whitefield*, 431 F.3d at 14. The only facts Plaintiff alleges against Defendant Potenza are that he was the Medical Director of New Hampshire Department of Corrections and/or the Medical Director of Secure Psychiatric Unit. (ECF 1, ¶¶ 14, 29) There are no allegations that Defendant Potenza took part in any of events that occurred between February 18, 2018 and January 22, 2019.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Similarly, there are no allegations that can be construed to suggest that Defendant Potenza "through conduct, or through conduct that amounts to condonation or tacit authorization" allowed for the events between February 18, 2018, and January 22, 2019, to occur. *See Whitefield*, 431 F.3d at 14. The Complaint lacks any allegations that Defendant Potenza's behavior provided "supervisory encouragement, condonation or acquiescence or gross negligence" such that the Court could make a finding of deliberate indifference against him. *See Id.* The allegation that Defendant Potenza was the Medical Director of New Hampshire Department of Corrections and/or the Medical Director of Secure Psychiatric Unit is simply not enough to establish liability. Plaintiff has failed to allege facts to support any allegation that Defendant Potenza is liable under Section 1983 in his role as a supervisory. Accordingly, Defendant Potenza requests that the Court dismiss any claims against him that are based in supervisory liability under Section 1983.

To the extent that Plaintiff's cause of action against Defendant Potenza sounds in tort and not a constitutional violation, Plaintiff's claim of failure to train and supervise must still fail.

> The basis for a claim of negligent employment or supervision brought against an employer where an employee harms a third party is not the vicarious liability of the doctrine of respondeat superior, but a separate theory of employer liability. Thus, claims for negligent hiring, training and supervision encompass direct liability as a result of the misconduct of the employee.

*Tessier v. Rockefeller*, 162 N.H. 324, 343, 33 A.3d 1118, 1133 (2011) (citing *Exeter Hosp. v. N.H. Insurance. Guaranty Assoc.*, 158 N.H. 400, 405, 965 A.2d 1159 (2009)). Thus, "[l]iability exists only if all the requirements of an action of tort for negligence exist." *Id*. (citing *Restatement (Second) of Agency* § 213 cmt. A (1958)).

Here, Plaintiff has failed to allege any facts that would support a direct cause of action against Defendant Potenza for a failure to train the correctional officer. The only allegations against Defendant Potenza are he was the Medical Director of New Hampshire Department of

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Corrections and/or the Medical Director of Secure Psychiatric Unit. These minimal allegations fail to directly or indirectly support a conclusion that there is an actional legal theory under which Plaintiff could recover. Accordingly, Defendant Potenza requests the Court dismiss any claim of failure to train that sound in tort.

### III.   Conclusion

For the reasons stated above, Defendant Potenza requests the Court grant his Motion to Dismiss.

DATED this 17th day of August, 2023.

>                         DR. DANIEL POTENZA
>
> BY:   PAUL FRANK + COLLINS P.C.
>
> BY:       */s/ Stephen J. Soule*
>       Stephen J. Soule, Esq., (Bar #4858)
>       PO Box 1307
>       Burlington, VT 05402-1307
>       802.658.2311
>       ssoule@PFClaw.com

8933815_2:11981-00418

**CERTIFICATE OF SERVICE**

This is to certify that on August 17, 2023, a true and correct copy of the foregoing document was filed electronically to all counsel registered to receive filings through the CM/ECF system. Service on *Pro Se* Plaintiff was made via First-Class Mail as follows:

William Soler Justice
51 Storrs St. #310
Concord, NH 03301

DATE: August 17, 2023.        BY:        */s/ Stephen J. Soule*
                                        Stephen J. Soule, Esq., Bar No. 4858

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401