UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
William Soler, Jr.,                  *
                                     *
          Plaintiff,                 *
    v.                               *   Civil No. 1:20-cv-00517-PB
                                     *
Christopher T. Sununu, et al.,       *
                                     *
          Defendants.                *
                                     *
*************************************
```

## DEFENDANT RANDAL G. CARVER'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Defendant Randal G. Carver, by and through his counsel, the New Hampshire Office of the Attorney General, hereby offers a brief reply to Plaintiff's Objection to Defendant Carver's Motion to Dismiss, stating as follows:

1. As an initial matter, Plaintiff's objection relies upon "new additional facts" to supplement the operative complaint. P's Obj. ¶1. However, the "additional facts" either do not address or otherwise impact Defendant Carver's arguments for dismissal, serving only to, at best, fuzz the allegations he has previously asserted. In his Objection, Plaintiff asserts the following new responses:

   a. that he is uncertain of the exact date of the pepper-spray incident, and that it could be July 12 rather than the 13th of 2018. He further attaches a "Post Use-of-Force" document which confirms the July 13, 2018 date;

   b. various assertions regarding the SPU and its function as well as premature discovery demands;

      c.  an Eleventh Circuit Court opinion related to a specific unrelated inmate's circumstances in a Florida maximum security prison and disciplinary measures deployed;

      d.  what appears to be an expert report offered in an unrelated State Court matter[1]; and

      e.  an affidavit from a 'Keith Dobens,' indicating that a Lieutenant Carver allegedly worked at the SPU a year after the incident alleged by Plaintiff.

    2.  However, even taking these additional allegations of fact as true, Plaintiff still fails to state a claim.  The affidavit attached to Plaintiff's objection is of no relevance to Defendant Carver's motion, as it speaks to someone having the name "Carver" being employed at SPU a year after the alleged pepper spray complained of by Plaintiff.  While Plaintiff now wavers between July 12 and 13, 2018, it does not alter that Defendant Carver did not work in SPU and could not have been the alleged deployer of pepper-spray, the sole action that Defendant Carver is alleged to have completed in Plaintiff's complaint.  Even if the affidavit attached by Plaintiff is accepted as true, it only shows that some individual with the name Carver was present in the SPU a year later.

    3.  Further, Plaintiff misreads Defendant Carver's motion regarding the SPU.  The SPU is an autonomous facility on the NHSP-M's campus. It is, as noted in the organizational chart Plaintiff attaches to his objection, still under the purview of the Department of Corrections.  However, the SPU facility and the NHSP-M facility are run separately, with separate staffing assignments.  Defendant Carver has never been employed at or worked at the SPU, and thus

---

[1] The purported expert report relates to an unrelated inmate and circumstances surrounding that inmate's suicide. There is no indication that Plaintiff has retained that individual or that they have made any opinions relevant to this matter let alone to Defendant Carver's motion to dismiss.  Defendant does not otherwise address that report in this reply as it is irrelevant to the motion before the Court.

could not have pepper-sprayed Plaintiff on July 13, 2018 or even July 12, 2018.  Plaintiff acknowledges in his objection that he was "housed in SPU exclusively." P's Obj. ¶2.  Defendant did not work in the SPU and so could not have responded to Plaintiff's flooding of his room on July 13, 2018.

    4.  Plaintiff's arguments regarding psychiatric interventions are irrelevant to the claim against Defendant Carver as he is not a medical staff member who would be expected to perform medical evaluations of Plaintiff nor would their occurrence or lack thereof have any bearing on the impossibility of his presence at the alleged event on or around July 13, 2018.

    5.  Finally, even if the New Hampshire Department of Corrections or the SPU were parties to this lawsuit, they aren't, Plaintiff's arguments for discovery regarding SPU function, oversight, and organizational structure are functionally irrelevant to Defendant Carver's motion to dismiss.

    WHEREFORE, Defendants respectfully requests that this Honorable Court:

A.  Grant Defendant Carver's Motion to Dismiss the claims against him;

B.  Any other relief appropriate.

                        Respectfully submitted,

                        RANDAL G. CARVER

                        By their attorney,

                        JOHN M. FORMELLA
                        NEW HAMPSHIRE ATTORNEY GENERAL

Dated: August 28, 2023         /s/ Lawrence P. Gagnon
                                     Lawrence P. Gagnon, Bar #271769
                                       Assistant Attorney General
                                       Civil Bureau
                                       lawrence.p.gagnon@doj.nh.gov
                                       603.271.3650

- 4 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent by first class mail to Plaintiff on August 28, 2023 to 51 Storrs St. #310, Concord, NH 03301

                                            /s/ Lawrence P. Gagnon
                                            Lawrence P. Gagnon