UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| William Soler, Jr., | \* |
| Plaintiff, | \* |
| v. | \* Civil No. 1:20-cv-00517-PB |
| Christopher T. Sununu, et al., | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMMISSIONER HELEN HANK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The Commissioner of the New Hampshire Department of Corrections, Helen Hanks, through counsel, the NH Office of the Attorney General, responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Plaintiff's interrogatories, including subparts, exceed the maximum number of interrogatories allowable pursuant to the Case Management Order.

2. Plaintiff makes numerous assertions within his interrogatories, and many statements that are not framed as questions at all. Commissioner Hanks objects to the form of these interrogatories. Further, by responding to interrogatories, she does not in any way speak to the veracity of Plaintiff's assertions that are not framed as questions.

## INTERROGATORIES

1. Were you employed by the New Hampshire Department of Corrections in 2018 and 2019?

**RESPONSE:** Yes.

2. How often do you meet with your direct reports and subordinates to discuss policies, procedures, training, or incidents?

1

**RESPONSE**: At least weekly.

3. Since 2015 there have been 3 untimely deaths within Secure Psychiatric Unit (SPU). Do you believe your team in SPU is adequately trained and supervised to ensure the safety of civilly committed patients or inmates? If yes, please document. If no, why?

**RESPONSE:** Yes, based on my personal knowledge of training procedures, policies, and implementation.

4. According to the online license verification your subordinate Paula Mattis' license expired in 2017. When did you become aware of this lapse? See Doc. I

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action. This interrogatory is vague, as it is unclear what license you are referring to and why it would constitute a "lapse."

5. Do you agree that the position that defendant Mattis serves in is best filled by a licensed individual?

**OBJECTION:** This interrogatory is objected to because the request is vague, as it is unclear what you mean by "a licensed individual."
**RESPONSE:** Without waiving the above objections, Commissioner Hanks responds as follows: No.

6. How does the Department of Corrections track the licenses and credentials of employees? Please provide documents.

**OBJECTION:** This request does not request documents with particularity, and it is overly broad and vague. It is further objected to because personnel files are confidential.
**RESPONSE:** Without waiving the above objections, Commissioner Hanks responds as follows: Licenses and credentials are kept in employee personnel files. Licenses may be verified online or through a hard copy. The Police Standards and Training Counsel also retains and manages records for Certified State Corrections Officers.

7. As Commissioner, how do you educate the staff to recognize the differences between a civil commitment and a prison sentence in SPU. Please provide documents.

**OBJECTION:** This request does not request a document with particularity, and it is overly broad and vague.

2

**RESPONSE:** Without waiving the above objections, Commissioner Hanks responds as follows: I do not personally educate staff, but I am responsible for publishing policy and procedure directives related to the SPU.

8. Plaintiff submitted a copy of your subordinates written testimony to the NH Legislature in 2016. In that testimony defendant Mattis stated that the SPU is a "forensic hospital" "and is not part of the prison" Do you agree that SPU is a forensic hospital? See Doc II

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action.
**RESPONSE:** The SPU is part of the state mental health system within the division of mental and psychiatric services. I would not describe it as a forensic hospital.

9. As Commissioner do you agree that SPU is "not part of the prison"? If yes, what is it part of?

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.
**RESPONSE:** Without waiving the above objections, Commissioner Hanks responds as follows: The SPU is not part of the New Hampshire State Prison.

10. Assistant AG Gagnon made the following statement in a response to the complaint, "SPU is a separate autonomous facility from NHSP-M". So based on his representation, and defendant Mattis' has SPU been incorporated, identified, or otherwise represented as being independent from NHSP-M to facilitate reimbursement for services delivered there? See Doc III

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.

11. As Commissioner, is there based on the above statements a separate entity that has been created to enhance, facilitate, or represent SPU as a licensed facility or unit for reimbursement? If yes, what is that separate entity?

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.

12. Plaintiff is submitting a letter authored by state leaders in 2006. A proposal in this letter was to incorporate SPU and NHH to facilitate federal reimbursement. Are you aware of any system, process, documentation, procedures, or protocols presently or in the past that

3

was used to implement this, despite the fact SPU was denied federal reimbursement years earlier? See Doc IV

**OBJECTION**: This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.

13. What entity actually provided care to Plaintiff? Please provide organizational name and structure.

**OBJECTION**: This interrogatory is overly broad and vague and confusing.

14. Were any services provided plaintiff within SPU reimbursed by any federal or commercial entity? Please provide documentation.

**OBJECTION**: This interrogatory is not relevant to any claims or defenses raised in this action. This question is vague and confusing, as it is unclear what you mean by "any federal or commercial entity" or "reimbursed."

15. Were any services provided to plaintiff in SPU reflected in any way as being provided by, through or in conjunction with New Hampshire Hospital (NHH)? Please provide documentation.

**OBJECTION**: This interrogatory is not relevant to any claims or defenses raised in this action. It is further vague and confusing, as "services" or "reflected" are unclear and undefined.
**RESPONSE**: Without waiving the above objection, Commissioner Hanks responds as follows: There would likely be communications between SPU service providers and NHH service providers regarding plaintiff's progress to coordinate transfer from the SPU to the NHH.

16. As Commissioner were there any specific protocols in place for the use of force against civilly committed patients in 2018 or 2019?

**OBJECTION**: This interrogatory is vague and confusing.
**RESPONSE**: Without waiving the above objection, Commissioner Hanks responds as follows: There is a single use of force policy for DOC residents based on assessing the needs of the situation. It applies to all SPU residents.

17. Have you ever disciplined any of the defendants for the assaults or batteries of the plaintiff? If yes, please provide documentation. If no, why?

**RESPONSE**: No. Defendants did not commit "assaults or batteries of the plaintiff."

4

18. Plaintiff has submitted documents obtained regarding Lt. Benjamyn Carver about disciplinary actions. As Commissioner please explain the "serious allegations" that were alleged and the proposed discipline. describe in detail See Doc V

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and further requests confidential personnel information.

19. As of 2018 and 2021, the US Department of Justice civil rights division has confirmed an ongoing law enforcement proceeding regarding SPU. What is the nature of that investigation? describe in detail Please provide all documents including email regarding that investigation. See Doc VI

**RESPONSE:** I am not aware of any ongoing law enforcement proceeding.

20. Your subordinate, defendant Mattis also represented SPU as a designated receiving facility (DRF) in her 2016 written Legislative testimony. In documents submitted by plaintiff SPU does not meet the qualifications or licensing requirements to be a DRF. Do you know if it is officially designated by NH Department of Health and Human Services as a DRF? If yes, please provide documents. describe in detail See Doc VII & Doc VIII

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.
**RESPONSE:** Without waiving the above objections, Commissioner Hanks responds as follows: Yes. See RSA 135-C:2, XIV.

21. The plaintiff submitted a photograph to the court of a hospital sign with the words Secure Psychiatric Unit below the H. SPU is not a licensed hospital. Why was that sign authorized? Please provide documents. See Doc IX

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.

22. As Commissioner you stated the following to the New Hampshire Advisory Committee to the U.S. Commission on Civil Rights, "Commissioner Hanks clarified that Civilly Committed patients are transferred to the Secure Psychiatric Unit through the Secure Psychiatric Unit's own separate entrance." What is the relevance of entering through a separate entrance when they are then co-mingled with convicted inmates? See Doc X

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is vague and confusing.

5

23. A report produced by Dartmouth (attached) stated that 51 civilly committed patients were transferred to SPU in 2015 alone. These transfers also included women into a men's prison. As Commissioner, why did you authorize 51 incarcerations of patients who needed acute inpatient care? See Doc XI

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is argumentative, vague, and confusing.

24. Plaintiff is submitting a document authored in 2019 by the Department of Corrections, "The time is now". As quoted from that document "Every Legislative study and plan to date recommends a separate forensic unit managed by the Department of Health and Human Services". As Commissioner, knowing these facts, why did you remain complicit with the states' scheme to incarcerate civilly committed patients? describe in detail See Doc XII

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is argumentative, vague, and confusing. To the extent that this question requests internal deliberations regarding policy implementation and development, the Commissioner also objects on the basis of deliberative process privilege.
**RESPONSE:** Without waiving the above objection, Commissioner Hanks responds as follows: I follow state law regarding civilly committed patients.

25. As Commissioner is there a political expectation for you to provide false information to the NH Legislature, the media, or the citizens of New Hampshire to represent SPU as a hospital rather than a prison psychiatric unit?

**OBJECTION:** This interrogatory is not relevant to any claims or defenses raised in this action and is argumentative, vague, and confusing.
**RESPONSE:** Without waiving the above objection, Commissioner Hanks responds as follows: No.

[SIGNATURE ON FOLLOWING PAGE]

6

Signed under the pains and penalties of perjury.

Date: 1/12/2024

*Helen E. Hanks* (signature)
Helen Hanks

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

This instrument was acknowledged before me on January 12th, 2024 by Helen Hanks.

*Jessica Brooks* (signature)
Justice of the Peace/ Notary Public
My commission expires: _____

JESSICA J. BROOKS
NOTARY PUBLIC
State of New Hampshire
My Commission Expires
December 22, 2026

                                      Objections by Counsel:

                                      JOHN M. FORMELLA
                                      ATTORNEY GENERAL

Dated: 1/12/2024        By:    */s/ Catherine Denny*
                                        Catherine A. Denny, Bar No. 275344
                                        Assistant Attorney General
                                        Civil Litigation Unit
                                        NH Department of Justice
                                        1 Granite Place South
                                        Concord, NH 03301
                                        Catherine.a.denny@doj.nh.gov
                                        (603) 271-1354

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301 on this date.

Dated: 1/12/2024                                  */s/ Catherine Denny*
                                                  Catherine A. Denny