UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**William Soler Justice**

    v.                                                           Case No. 20-cv-517-PB
                                                                Opinion No. 2024 DNH 020

**Christopher T. Sununu et al.**

### ORDER

William Soler Justice, proceeding pro se and in forma pauperis, filed a complaint against Lieutenant Randal Carver and several other correctional officers within the New Hampshire Department of Corrections (DOC), alleging various violations of 42 U.S.C. § 1983 and state tort law. Justice asserts that on July 13, 2018, while being held in the state's Secure Psychiatric Unit (SPU), Carver deployed pepper spray into Justice's cell without sufficient provocation. Carver moved to dismiss the claims against him, asserting that he was never assigned to the SPU and that he was, in fact, working in a different correctional facility on July 13, 2018.

After initially objecting to Carver's motion to dismiss, Justice acknowledged that he mistakenly named the wrong defendant in his lawsuit. He moved to amend his complaint to sue Lieutenant Benjamyn Carver in place of Lieutenant Randal Carver, alleging that it was Benjamyn Carver who unlawfully deployed pepper spray into his cell on July 13th. Justice

explained that his confusion was a product of the fact that Benjamyn Carver and Randal Carver share the same surname and rank within the DOC.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given "when justice so requires." As a general rule, a motion for leave to amend a complaint should be granted unless there is "an adequate reason" to deny the motion, "such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment." Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000).

Here, there is no apparent reason to deny Justice leave to amend. Justice moved to amend his complaint shortly after Carver's motion to dismiss put him on notice of his error. He provided a reasonable explanation for his mistake, which appears to have been made in good faith. And, given the early stage of this litigation, granting Justice leave to amend is unlikely to result in prejudice. See Steir v. Girl Scouts of the U.S.A., 383 F.3d 7, 12 (1st Cir. 2004).

Accordingly, Justice's motion to amend (Doc. 76) is granted, and Carver's motion to dismiss (Doc. 62) is denied as moot. See L.R. 15.1; see also Fed. R. Civ. P. 15(a). Randal Carver is dismissed from the case, and the court directs service of Claims 1(c)(i), 15(a), 15(b), 15(c)(i)–(iii), 15(d), and 15(e), as identified in the Amended Report and Recommendation, on Benjamyn Carver.

The clerk's office is directed to serve the New Hampshire Office of the Attorney General (AGO), as provided in the Agreement on Acceptance of Service, electronic copies of the Complaint (Doc. 1); the Amended Report and Recommendation (Doc. 29); Justice's Motion to Amend (Doc. 76); and this Order. Within thirty days of receipt of these materials, the AGO must submit an Acceptance of Service notice to the court specifying whether Benjamyn Carver has authorized the AGO to receive service on his behalf. If Carver accepts AGO representation, service will be deemed made on the last day of the thirty-day period once the AGO files the Acceptance of Service notice.

If Carver does not authorize the AGO to receive service on his behalf, or the Attorney General declines to represent Carver, the AGO shall, within thirty days from receipt of the above-listed materials, provide the court with Carver's last known address. In that event, the Clerk's office is instructed to complete and issue a summons for Carver, using the last known address provided, and to forward the summons, along with copies of the documents listed above, to the United States Marshal for the District of New Hampshire, to complete service on Carver in accordance with this Order and Federal Rule of Civil Procedure 4(c)(3) and 4(e). Carver is instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

After the complaint and other documents listed above are served, the

parties may serve documents on one another, or their attorneys who have appeared in this action, in accordance with Federal Rule of Civil Procedure 5(b) or AP 2.8(b), as a party using the electronic filing system will receive notice when any party's documents are filed in the court. Discovery that may not be filed in court must be served by mail. A certificate of service must be included with all filings, in accordance with Federal Rule of Civil Procedure 5(d)(1) and Local Rule 51.2(d).

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 19, 2024

cc:   William Soler Justice, pro se
      Counsel of record