# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| William Soler Justice,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Christopher T. Sununu, et al.<br><br>　　　　Defendants | Civil No. 1:20-cv-00517-PB |

## ANSWER OF DEFENDANT PAGE KIMBALL

**Demand for Jury Trial**

Defendant Page Kimball ("Defendant"), by and through the Office of the New Hampshire Attorney General as counsel, hereby answers and responds to the allegations that the Court, in its December 2, 2022, Amended Report and Recommendation (ECF No. 29), has construed as constituting the basis for Claim 2(a), which is the sole claim against Defendant in this action.

## ADMISSIONS & DENIALS

Defendant generally denies all of Plaintiff's allegations as set forth in support of Claim 2(a). See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5).

1. Defendant specifically admits that Plaintiff was housed in the SPU infirmary on February 18, 2018; that Plaintiff banged on his cell door that day; that Defendant entered Plaintiff's cell that day with a shield; that Defendant Deblois also entered Plaintiff's cell that day.

2. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations that Plaintiff was irritated by SPU Nurse John Lombard's refusal to answer questions; that Joshua Deblois entered Plaintiff's cell with a shield and a Taser; that Joshua Deblois deployed a Taser to Plaintiff's left thigh and thereby caused Plaintiff to feel electrical throbbing and burning pain.

3. Defendant otherwise generally denies Plaintiff's allegations.

4. Defendant also generally denies that Plaintiff is entitled to the relief he requests.

## AFFIRMATIVE DEFENSES

5. In asserting the following affirmative defenses to Plaintiff's claims, Defendant does not concede that his assertion of such defenses imposes any burden of proof upon him with respect thereto.

6. **First Affirmative Defense:** Plaintiff has failed to properly exhaust his available administrative remedies. See 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].

7. **Second Affirmative Defense:** Plaintiff's claim for monetary damages is barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

8. **Third Affirmative Defense:** The Eleventh Amendment bars claims for damages asserted against Defendant in his official capacity.

9. **Fourth Affirmative Defense:** Defendant has not violated Plaintiff's federal constitutional right to be free from objectively unreasonable use of force.

10. **Fifth Affirmative Defense:** Defendant is entitled to assert all applicable immunities to Plaintiff's claim against him, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

11. **Sixth Affirmative Defense:** Plaintiff has failed to state a claim upon which relief may be granted.

12. **Seventh Affirmative Defense:** Plaintiff has not suffered any damages, as the damages alleged preceded any the alleged accrual of claim brought by Plaintiff.

## RESERVATION OF RIGHTS

13. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses or affirmative defenses. Defendant reserves the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. Defendant likewise reserves the right to amend or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendant respectfully demands a jury trial on all issues so triable and requests that this Honorable Court:

A. Enter judgment in favor of Defendant on Claim 2(a) of this action, as construed by the Court's December 2, 2022, Amended Report and Recommendation;

B. Deny any and all relief Plaintiff demands in association therewith; and

C. Grant such other and further relief as justice may require.

                                           Respectfully submitted,

                                           Page Kimball

                                           By his attorney,

|                          |                                                                 |
|--------------------------|-----------------------------------------------------------------|
|                          | JOHN M. FORMELLA                                                |
|                          | NEW HAMPSHIRE ATTORNEY GENERAL                                  |
|                          |                                                                 |
| Dated: June 11, 2024     | /s/ *Nathan W. Kenison-Marvin*                                  |
|                          | Nathan W. Kenison-Marvin, Bar #270162                           |
|                          | Assistant Attorney General                                      |
|                          | New Hampshire Department of Justice                             |
|                          | 1 Granite Place South                                           |
|                          | Concord, NH 03301                                               |
|                          | (603) 271-3650                                                  |
|                          | nathan.w.kenison-marvin@doj.nh.gov                              |

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing, as electronically filed this 11th day of June 2024, will be conventionally mailed on the morning of the 12th day of June 2024 to Plaintiff at 51 Storrs St., #310, Concord, NH 03301. I further certify that I have electronically mailed a copy of the foregoing this day to Plaintiff at *gentlegiant@yahoo.com*.

| | |
|---|---|
| Dated: June 11, 2024 | /s/ Nathan W. Kenison-Marvin |
| | Nathan W. Kenison-Marvin |