UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**William Soler Justice**</u>

    v.                                            Case No. 20-cv-517-PB

<u>**Christopher T. Sununu et al.**</u>

### **ORDER**

    William Soler Justice filed a complaint against various correctional officers and state officials, asserting that he was subjected to unconstitutional treatment while civilly committed to the New Hampshire Department of Corrections' Secure Psychiatric Unit (SPU). Doc. 1 at 10. Justice requested, among other forms of relief, an injunction prohibiting the defendants from confining civilly committed individuals to the SPU. Id. at 17. Pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Johnstone conducted a preliminary review of Justice's complaint and recommended dismissing as moot his claim for injunctive relief given that Justice was no longer in the custody of the SPU. Doc. 29 at 33. Justice did not object to the report and recommendation, which I approved on January 12, 2023. Doc. 31 at 1.

    On February 12, 2024, Justice filed a motion to "reinsert [his] request for [an] injunction to prevent the state of [New Hampshire] from placing civilly committed non-convicted patients in the [SPU]." Doc. 98 at 1. Justice

argues that his claim for injunctive relief is not moot because he was released from the SPU pursuant to a "conditional discharge," which permits the state to recommit him to the custody of the SPU under certain conditions. See N.H. Rev. Stat. Ann. § 135-C:51, I. Justice asserts that, because he could be returned to the SPU "at anytime," his claimed harm is "capable of repetition yet evading review." Doc. 98 at 1.

I construe Justice's motion as a motion to reconsider my approval of the magistrate judge's report and recommendation. See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that a court may "recharacterize [a pro se litigant's] motion" in order to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). Pursuant to Local Rule 7.2(d), motions for reconsideration are to be "filed within fourteen (14) days from the date of the order unless the party seeking reconsideration shows cause for not filing within that time." Although Justice states in his motion that his conditional discharge was renewed sometime after the report and recommendation issued, he fails to provide an explanation for why his motion comes more than a year late.

Even if Justice's motion were timely, it fails on the merits. The mootness exception for claims that are "capable of repetition, yet evad[ing] review" applies "only in exceptional situations." City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). To invoke the exception, a plaintiff must

demonstrate that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Justice has not made either showing here. First, that Justice was held in the SPU for at least two years indicates that his claim is not so "inherently transitory" that "no trial court ever will have enough time to decide the underlying issues." Corrigan v. Boston Univ., 98 F.4th 346, 353 (1st Cir. 2024) (quoting Cruz v. Farquharson, 252 F.3d 530, 535 (1st Cir. 2001)) (finding that the mootness exception did not apply where the challenged action lasted "almost two years").

Second, Justice has not demonstrated a reasonable expectation that he will be returned to the SPU. Justice's conditional discharge may only be revoked if he violates a condition of the discharge or is determined to be a danger to himself or others. N.H. Rev. Stat. Ann. § 135-C:51, I. Justice has not provided any basis on which to conclude that either circumstance is sufficiently likely to occur here. To the contrary, Justice has represented to the court that he is doing well; so well, in fact, that his guardianship was deemed no longer necessary. See Doc. 119 at 3; July 8, 2024, Motion Hearing. The mere possibility that Justice's conditional discharge could be revoked is not enough to save his claim from mootness. Harris v. Univ. of Mass. Lowell,

3

43 F.4th 187, 194 (1st Cir. 2022) ("avoiding mootness cannot merely rest on an alleged harm that is theoretically 'not impossible' of repetition."). Accordingly, Justice's motion for reconsideration (Doc. 98) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 15, 2024

cc:   William Soler Justice, pro se
      Counsel of record