UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

1:20-cv-00517-PB

FILED - USDC -NH
2024 SEP 3 PM 2:42

William Justice pro se

Plaintiff(s)

v.

Christopher T. Sununu, et al.

Defendant(s)

Case No. 1_20_CV_00517_PB

MOTION TO/FOR Compel discovery of documents with redactions removed.

(enter title of motion)

Enter text of motion using numbered paragraphs (explain what you want the court to do). The field will expand as you type.

Date: 09/03/24 (Tues.)

*William S. Justice*
Signature

MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☒ I have attached a supporting memorandum of law to this motion.

☐ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

attached Sheet

USDCNH-101 (Rev. 12/1/21)

1

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☐ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☑ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was electronically filed in the court's electronic filing system and served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es):
Nathan W. Kenison-Marvin, esq
NH Atty Gen. Office
1 Granite Place South
Concord, NH 03301

Person(s) served by hand:
Jennifer Bartlett (case manager)
U.S. Dist. Courthouse
55 Pleasant St. Rm. 110
Concord, NH 03301

Date of Service: 09/03/24 (Tues.)

Signature: *William S. Justice*
Name: William S. Justice
Address:

51 Storrs St. Apt 310 Concord, NH 03301

Phone: 603-931-6357

Email: gentlegiant03301@yahoo.com

1. Plaintiff Justice has questioned redactions of defendants' produced discovery documents. Plaintiff engaged in a phone call with defendant's counsel and received 1 additional document and 1 corrected redaction. Exhibit I

2. Plaintiff is questioning 25 documents out of 2913, less than 1%. Defendants have redacted information largely indicating attorney client privilege many of the email communications are conversations where an assistant attorney general (AAG) was included on the recipient line, but no legal conclusions were specifically requested. Also, on those email communications a third party outside vendor was included on the recipient line with no follow-up communication from the office of public guardian (a non-profit organization not a state agency) or the Attorney General's office. Exhibit II

    Unless there were further communications from the office of public guardian or an assistant attorney general that were not disclosed.

3. Some of the emails are simply communication between Department of Corrections employees and were then sent to the Assistant Attorney General by CC: again, with no request for a legal opinion or advice (unless there are undisclosed communications) possibly, in an effort to falsely claim Attorney client communication privilege. Exhibit III

4. Some of the redacted text is claimed to be safety & security data. I request that the court verify the claimed data redactions is safety and security and non-discoverable.

5. The parties are currently engaged in discovery, but they have been unable to resolve some of their disputes without the court's assistance. Currently before the court is plaintiff's motion to compel defendants to supplement its responses to various requests for production of documents. The basis that it is protected by the attorney-client privilege or safety and security issues is questioned by Plaintiff.

6. Plaintiff seeks the production of that information on the basis that defendants failed to establish that the withheld information is privileged and (2) waived any privilege by either not requesting legal advice or sharing the requested information with a third party. The outside vendor "Office of Public Guardian" is not represented by the Attorney General's Office. Plaintiff also contends that

there is a substantial need for the information such that defendants remain obligated to produce responsive documents.

---

**Memorandum of Law**

**Introduction**

This memorandum addresses the scope and application of the attorney-client privilege, particularly in the context of communications between attorneys and their clients.

**Background**

The attorney-client privilege is a legal concept that protects communications between a client and their attorney. This privilege encourages open and honest communication, allowing attorneys to provide effective legal advice.

**Legal Framework**

1. **Definition and Scope**: The attorney-client privilege applies to confidential communications made for the purpose of obtaining or providing legal advice. It covers both oral and written communications.

2. **Requirements**: For the privilege to apply, the following conditions must be met:
    - The communication must be between a client and an attorney.
    - The communication must be intended to be confidential.
    - The communication must be made for the purpose of seeking or providing legal advice.

**Application**

In practice, the attorney-client privilege protects various types of communications, including:

- Emails and letters between the client and attorney.
- Notes and memoranda prepared by the attorney based on client communications.

**Exceptions**

There are certain exceptions to the attorney-client privilege, including:

- **Waiver**: The privilege can be waived if the client discloses the communication to a third party.

4

- **Non-Privileged:** General communications within an organization merely communicated to an attorney as an afterthought.

**Conclusion**

The attorney-client privilege is a fundamental aspect of the legal system, ensuring that clients can communicate freely with their attorneys. Understanding the scope and limitations of this privilege is crucial for both attorneys and clients.

Attorney-client privilege is complicated by an email or memorandum having multiple purposes. If, for example, the email is sent to the lawyer and somebody else is copied in, attorney-client protection may not apply. An analysis of case law shows that courts find attorney-client privilege only under very specific circumstances.