UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\***************************************

William Soler Justice,

        Plaintiff,

   v.

Christopher T. Sununu, et al.,

        Defendants.

Civil No. 1:20-cv-00517-PB

\***************************************

## DEFENDANTS' OBJECTION TO [121] PLAINTIFF'S MOTION TO COMPEL

Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, III, Joshua Deblois, Benjamyn Carver, and Page Kimball, by and through the New Hampshire Office of the Attorney General as counsel, hereby object to Plaintiff William Justice's motion to compel the production of certain information redacted from documents Defendants' have produced to Plaintiff in this matter. In support of their objection, Defendants state the following:

To date, Defendants have produced 2942 pages of documents to Mr. Justice in response to his Rule 34 document requests. In the course of producing those documents, Defendants have redacted certain information on the basis that it: (a) is private identifying and health information about other patients that is irrelevant to this matter; (b) must remain confidential to preserve the New Hampshire Department of Correction's interests in preserving the safety and security of its officers and agents, those within its custody, and the public; or (c) is protected from disclosure by the attorney-client privilege. *See* E.C.F. No. 121-1 at 1–3 (Defendants' privilege log identifying information withheld on the basis of either safety/security interests or the attorney-client privilege); **EXHIBIT A** (defense counsel's June 28, 2024, letter to Mr. Justice explaining

that any redactions in documents that were not identified on Defendants' privilege log were related to "unresponsive personal identifying information and personal health information of other individuals").

By way of his present motion, Mr. Justice asks the Court to order Defendants to produce certain documents without redaction. Based on a list of documents he has submitted as an exhibit to his motion, *see* E.C.F. No. 121-1 at 4 (chart identifying "Doc #" and basis (*i.e.*, ("exemption") for dispute with respect to each document), Mr. Justice appears to ask the Court to order Defendants' to produce the following pages of discovery without redaction[1]:

|     | Bates Number(s) | Document File Name |
| --- | --- | --- |
| 1.  | *DOC_0232 | *Discoverable – attorney client communication* |
| 2.  | DOC_0235–DOC_0236 | *FW_ 10_30 tomorrow* |
| 3.  | DOC_0240 | *FW_ 10_30 tomorrow_ WS* |
| 4.  | DOC_0274 | *FW_ SPU Infirmrary* [sic] *Bed Status* |
| 5.  | *DOC_0281 | *FW_ thoughts regarding issue – attorney client communication (1)* |
| 6.  | *DOC_0286 | *FW_ thoughts regarding issue – attorney client communication (2)* |
| 7.  | *DOC_0290–DOC_0291 | *FW_ thoughts regarding issue – attorney client communication (3)* |
| 8.  | *DOC_0294–DOC_0295 | *FW_ thoughts regarding issue – attorney client communication (4)* |
| 9.  | *DOC_0297–DOC_0298 | *FW_ thoughts regarding issue – attorney client communication (5)* |
| 10. | *DOC_0302–DOC_0303 | *FW_ thoughts regarding issue – attorney client communication* |

---

[1] As explained herein, Defendants have now produced a number of these documents to Mr. Justice without redaction following further analysis of their original position that the attorney-client privilege protected portions of these documents. To the extent a document listed in this chart has now been produced to Mr. Justice in unredacted form, it is marked here with an asterisk. Defendants position with respect to these documents is that Mr. Justice's motion to compel is moot. Defendants also take the position that Mr. Justice's motion is moot with respect to other documents listed here on the basis that they were provided to him in unredacted form either originally or after the parties met-and-conferred in July 2024. These other documents are marked with two asterisks.

| 11. | **DOC_305 | *FW_ thoughts regarding issue* |
|---|---|---|
| 12. | **DOC_308 | *FW_ Use of Force Report* |
| 13. | **DOC_2722 | *RE_ 10_30 tomorrow_ WS (1)* |
| 14. | DOC_2728 | *RE_ 10_30 tomorrow_ WS (2)* |
| 15. | DOC_2731 | *RE_ 10_30 tomorrow_ WS (4)* |
| 16. | DOC_2734 | *RE_10_30 tomorrow_ WS (5)* |
| 17. | DOC_2739 | *RE 10_30 tomorrow_ WS* |
| 18. | **DOC_2742 | *RE_ ATC list for today* |
| 19. | *DOC_2814 | *RE  thoughts regarding issue – attorney client communication* |
| 20. | *DOC_2815 | *RE_ thoughts regarding issue – attorney client communication* |
| 21. | DOC_2817–DOC_2820 | *RE_ Transfers_Moves_Internal_External* |
| 22. | DOC_2824 | *RE_ WS (13)* |
| 23. | DOC_2826 | *RE_ WS* |
| 24. | DOC_2887 | *thoughts regarding issue – attorney client communication* |
| 25. | DOC_2890 | *tx plan and visit* |
| 26. | DOC_2896 | *Use of Force review 06.19.2018* |

For the following reasons, the Court should deny Mr. Justice's request with respect to each of these documents, which Defendants have separately provided to the Court in unredacted form for purposes of *in camera* review.[2]

---

[2] To assist the Court in identifying the information that Defendants have continued to redact from each document, Defendants have highlighted the redacted information in yellow and outlined it in red.

I. **DOC_0232**

This document is part of a two-page email thread. The thread contains an April 16, 2020, email that Defendants originally redacted on the basis that it is protected from disclosure by the attorney-client privilege. Upon further review of redacted information, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, Mr. Justice's motion with respect to this document is moot.

II. **DOC_0235–DOC_0236**

This document is part of a four-page June 2020 email thread through which agents of DOC's Secure Psychiatric Unit organized a "team meeting" with Mr. Justice. The thread contains an email that describes certain security considerations related to the time at which the meeting would be scheduled, particularly with respect to how certain changes in the availability of security staff could create additional security risks for those involved in the meeting with Mr. Justice. Defendants have redacted this information on the basis that keeping this information confidential from Mr. Justice is reasonably necessary to protect institutional and public safety.

States have a "dominant" interest in "ensur[ing] the safety of guards and prison personnel, the public, and the prisoners themselves." *See Wilkinson v. Austin*, 545 U.S. 209, 227 (2005). Disclosing the redacted information to Mr. Justice would provide him knowledge about the availability of particular security resources at particular times and locations. Were he to re-enter this security environment with this particular knowledge, it is reasonably foreseeable that it would place SPU personnel at heightened risk of physical harm. It is also reasonably foreseeable that Mr. Justice could share these security considerations with other individuals in this security environment who could in turn use this information in furtherance of actions that would put the safety of SPU personnel at heightened risk. *See, e.g., Reese v. Liberty*, No. 1:18-cv-00421-JDL, 2020 U.S. Dist. LEXIS 213103, at *4–5 (D. Me. Nov. 15, 2020) (explaining that where

disclosure of information about a security's institution's policy "might allow a prisoner to accurately predict how prison staff will act, thereby putting the prison staff in danger," the information was appropriately designated as confidential).

Further, Mr. Justice has no countervailing interest in disclosure of the redacted information. Although the information is contained in a document that was marginally responsive to one of his very broad discovery requests, the information itself has no relevance to his claims in this case, which concern use of force events that occurred in 2018 and 2019.

For these reasons, the Court should deny Mr. Justice's motion to the extent he asks the Court to compel Defendants to produce DOC_0235–DOC_0236 in unredacted form.

## III.   DOC_0240

The information redacted from this document is the same information in the same email that was redacted from DOC_0235–DOC_0236, as discussed immediately above. As such, for the same reasons stated with respect to Mr. Justice's motion to compel the unredacted production of DOC_0235–DOC_0236, the Court should deny his motion with respect to this document.

## IV.   DOC_0274

This document is a one-page email thread containing information about the status of various patients within the Secure Psychiatric Unit on and around June 25, 2018. Mr. Justice is identified as one of those patients in "Room 3," and the information related to Mr. Justice has not been redacted from the document. Instead, the only information redacted from the document is information that identifies other patients and their private health information. *See*, *e.g.*, *Brown v. Smith*, Civ. No. 20-8463 (NLH) (AMD), 2023 U.S. Dist. LEXIS 2478, at *34 (D.N.J. Jan. 5, 2023) (ruling that records related to the plaintiff's disciplinary history and cell placement history "should be redacted to protect the privacy of other inmates" such that "[t]he parties should redact other inmates' names, their housing locations, and disciplinary charges"); *Goolsby v. Cty. of San*

*Diego*, Case No. 3:17-cv-564-WQH-NLS, 2019 U.S. Dist. LEXIS 106299, at *12–13 (S.D. Cal. June 25, 2019) (allowing defendant to "redact inmate names and identifying information to protect inmate privacy"). Moreover, this information is irrelevant to the claims and defenses in this case, and Mr. Justice therefore has no appreciable interest in the disclosure of this information. For these reasons, the Court should deny Mr. Justice's motion to compel the unredacted production of DOC_0274.

## V. DOC_0281

This document is part of a five-page email thread. The thread contains an April 16, 2020, email that Defendants originally partially redacted on the basis that it was protected from disclosure by the attorney-client privilege. Upon further review of redacted portion of the email, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

## VI. DOC_0286

This document is part of a five-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

## VII. DOC_0290–DOC_0291

This document is part of a four-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281,

Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

**VIII.    DOC_0294–DOC_0295**

This document is part of a four-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

**IX.    DOC_0297–DOC_0298**

This document is part of a three-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

**X.    DOC_0302–DOC_0303**

This document is part of a five-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

### XI. DOC_0305

In July 2024, Mr. Justice indicated to undersigned counsel both in writing and orally that he believed Defendants had failed to produce an attachment to an email Bates-stamped DOC_0305. *See* E.C.F. No. 121-1 at 4 (chart Mr. Justice provided to defense counsel indicating a "missing document" with respect to DOC_0305 that Mr. Justice identified as "Soler request slip.pdf"). By letter of July 26, 2024, undersigned counsel informed Mr. Justice that the attachment to that email had in fact already been provided to him as DOC_0307. *See* E.C.F. No. 121 at 9 (informing Mr. Justice that, "[a]s discussed with you yesterday and as noted in the Document Production Log previously provided to you, the attachment to the email identified in DOC_0305 as 'Soler request slip.pdf' was provided to you at DOC_0307."). Moreover, both DOC_0305 and DOC_0307 were produced to Mr. Justice in wholly unredacted form. Accordingly, to the extent Mr. Justice seeks to compel Defendants to produce the attachment to the email provided to him at DOC_0305, his motion is moot.

### XII. DOC_0308

In his July 2024 correspondence with the undersigned, Mr. Justice indicated his belief that DOC_0308 contained certain attachments that were "missing" from Defendants production. *See* E.C.F. No. 121-1 at 4 (indicating that "007,008,009,010,011,112.png" were "not printed"). Upon investigating this issue, the undersigned determined that the "missing" components of the email were generic thumbnail images that the undersigned proceeded to produce to Mr. Justice notwithstanding their irrelevance to this matter. *See* E.C.F. No. 121-1 at 7. As such, DOC_0308 and its embedded files have been produced to Mr. Justice in full. Therefore, with respect to Mr. Justice's motion to compel production of DOC_0308, his request his moot.

XIII.  **DOC_2722**

Through his July 2024 correspondence with the undersigned, Mr. Justice identified that a PDF file attached to the email provided to him at DOC_2722 had not been produced to him. *See* E.C.F. No. 121-1 at 4 (indicating that "2020 06 18 09 36 17.pdf" was "not printed"). Upon prompt investigation of this issue, the undersigned determined that Mr. Justice had correctly identified that this attachment was omitted from Defendants' production of documents. Accordingly, the undersigned provided the document to Mr. Justice the next day in unredacted form. *See* E.C.F. No. 121-1 at 7 (explaining that "[e]nclosed with this email, I am providing you with the attachment to this email, a PDF identified as '2020_06_18_09_36_17.pdf.' The document is Bates number DOC_2914."). For these reasons, to the extent Mr. Justice moves to compel production of the attachment to DOC_2722, his motion is moot.

XIV.  **DOC_2728**

The information redacted from this document contains the same information in the same email that was redacted from DOC_0235–DOC_0236 (discussed above) on the basis that disclosure to Mr. Justice creates a reasonably foreseeable risk to institutional safety and security. The redaction from this email is slightly broader than the redaction from DOC_0235–DOC_0236, but to the extent there is information redacted in DOC_2728 that is not redacted from DOC_0235–DOC_0236, Mr. Justice has been provided with that information already through those other documents. Accordingly, the Court should deny Mr. Justice's motion with respect to DOC_2728 for the same reasons that it should be denied with respect to DOC_0235–DOC_0236.

XV.  **DOC_2731**

The information redacted from this document contains the same information in the same email that was redacted from DOC_0235–DOC_0236 (discussed above) on the basis that

disclosure to Mr. Justice creates a reasonably foreseeable risk to institutional safety and security. The redaction from this email is slightly broader than the redaction from DOC_0235–DOC_0236, but to the extent there is information redacted in DOC_2731 that is not redacted from DOC_0235–DOC_0236, Mr. Justice has been provided with that information already through those other documents. Accordingly, the Court should deny Mr. Justice's motion with respect to DOC_2731 for the same reasons that it should be denied with respect to DOC_0235–DOC_0236.

### XVI. DOC_2734

The information redacted from this document contains the same information in the same email that was redacted from DOC_0235–DOC_0236 (discussed above) on the basis that disclosure to Mr. Justice creates a reasonably foreseeable risk to institutional safety and security. The redaction from this email is slightly broader than the redaction from DOC_0235–DOC_0236, but to the extent there is information redacted in DOC_2734 that is not redacted from DOC_0235–DOC_0236, Mr. Justice has been provided with that information already through those other documents. Accordingly, the Court should deny Mr. Justice's motion with respect to DOC_2734 for the same reasons that it should be denied with respect to DOC_0235–DOC_0236.

### XVII. DOC_2739

The information redacted from this document contains the same information in the same email that was redacted from DOC_0235–DOC_0236 (discussed above) on the basis that disclosure to Mr. Justice creates a reasonably foreseeable risk to institutional safety and security. The redaction from this email is slightly broader than the redaction from DOC_0235–DOC_0236, but to the extent there is information redacted in DOC_2739 that is not redacted from DOC_0235–DOC_0236, Mr. Justice has been provided with that information already

through those other documents.  Accordingly, the Court should deny Mr. Justice's motion with respect to DOC_2739 for the same reasons that it should be denied with respect to DOC_0235–DOC_0236

### XVIII.   DOC_2742

In his July 2024 correspondence with the undersigned, Mr. Justice indicated his belief that DOC_2742 contained certain attachments that were "missing" from Defendants production. *See* E.C.F. No. 121-1 at 4 (indicating that "001.jpg 022, 003.png" were "not printed").  Upon investigating this issue, the undersigned determined that the "missing" components of the email were generic thumbnail images that the undersigned proceeded to produce to Mr. Justice notwithstanding their irrelevance to this matter.  *See* E.C.F. No. 121-1 at 8.  As such, the embedded files in DOC_2742 have been produced to Mr. Justice.  As such, to the extent he moves to compel the production of those embedded files, his motion should be denied as moot.

Additionally, through the chart he has provided to the Court, it appears Mr. Justice might also take issue with redactions that Defendants have made on DOC_2742.  While this document contains some information specific to Mr. Justice, the majority of the document is about other SPU patients, including certain disciplinary and private health information in which those patients have protected privacy interests.  *See, e.g., Brown*, 2023 U.S. Dist. LEXIS 2478, at *34; *Goolsby*, 2019 U.S. Dist. LEXIS 106299, at *12–13.  The only information redacted from this document is this information concerning other patients, all of which is irrelevant to the claims and defenses in the matter.  Accordingly, to the extent Mr. Justice moves to compel the unredacted production of DOC_2742, the Court should deny his motion.

### XIX.   DOC_2814

This document is part of a three-page email thread that contains an email that Defendants originally redacted on the basis that it was protected from disclosure by the attorney-client

privilege.  Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction.  As such, Mr. Justice's motion is moot with respect to DOC_2814.

## XX.     DOC_2815

This document is part of a three-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege.  As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction.  As such, Mr. Justice's motion is moot with respect to DOC_2815.

## XXI.    DOC_2817–DOC_2820

The information redacted from this document is information that identifies private information about other patients and their health.  *See*, *e.g.*, *Brown*, 2023 U.S. Dist. LEXIS 2478, at *34; *Goolsby*, 2019 U.S. Dist. LEXIS 106299, at *12–13.  This information is irrelevant to the claims and defenses in this case, and Mr. Justice therefore has no appreciable interest in the disclosure of this information.  For these reasons, the Court should deny Mr. Justice's motion to compel with respect to DOC_2817–DOC_2820.

## XXII.   DOC_2824

This document is part of a two-page April 2020 email thread through which agents of DOC's Secure Psychiatric Unit discussed Mr. Justice's plan of care.  The thread contains an email that references the coverage area of security cameras.  Defendants have redacted this information on the basis that keeping this security infrastructure information confidential from

Mr. Justice is reasonably necessary to protect institutional safety and security interests.[3] *See Corbin v. Bucks Cnty.*, Civil Action No. 23-2784, 2024 U.S. Dist. LEXIS 105058, at *22 (E.D. Pa. June 13, 2024) (explaining why information concerning "the placement of security cameras" was "sensitive operational information" that was appropriately redacted). Again, Mr. Justice has no countervailing interest in disclosure of the redacted information as it is not relevant to the claims or defenses in this matter. For these reasons, the Court should deny Mr. Justice's motion with respect to DOC_2824.

**XXIII.    DOC_2826**

The information redacted from this document is identical to that which Defendants have redacted from DOC_2824, as discussed immediately above. Accordingly, to the extent Mr. Justice asks the Court to compel Defendants to produce DOC_2826 in unredacted form, his motion should be denied for the same reasons.

**XXIV.    DOC_2887**

This document is part of a three-page email thread that contains the same April 16, 2020, email that Defendants originally partially redacted from DOC_0281 on the basis that it was protected from disclosure by the attorney-client privilege. As stated with respect to DOC_0281, Defendants have withdrawn their privilege claim with respect to this document and produced the document to Mr. Justice without redaction. As such, to the extent Mr. Justice moves to compel the production of the information originally redacted from this document, his motion is moot.

---

[3] Defendants originally redacted the entirety of the email. However, following the July 2024 meet-and-confer, Defendants reproduced the document without redaction to the first phrase of the email stating: "Definitely move to The Infirmary – . . . ." *See* E.C.F. No. 121-1 at 8 (stating that "I have reviewed the original redaction and determined that the scope of the redaction was broader than necessary to ensure protection of confidential security information. As such, I am providing you with a new copy of DOC_2824 (Bates stamped DOC_2915) with a revised redaction.").

**XXV. DOC_2890**

The information redacted from this document is information that identifies another patient and that patient's private health information, none of which is relevant to the claims or defenses in this case. The Court should accordingly deny Mr. Justice's motion to compel with respect to DOC_2890.

**XXVI. DOC_2896**

This document is part of nine-page June 2018 use of force review. The document contains information referring to the coverage area of security cameras. Defendants have redacted this information on the basis that keeping this security infrastructure information confidential from Mr. Justice is reasonably necessary to protect institutional safety and security. *See Corbin*, 2024 U.S. Dist. LEXIS 105058, at *22. The Court should accordingly deny Mr. Justice's motion with respect to DOC_2896.

WHEREFORE, Defendants respectfully request that this Honorable Court:

A. Deny Mr. Justice's motion to compel; and

B. Grant any further relief as justice so requires.

Respectfully submitted,

COMMISSIONER HELEN HANKS, PAULA MATTIS, DEBORAH ROBINSON, CARLENE FERRIER, FRANK LOGAN, III, JOSHUA DEBLOIS, BENJAMYN CARVER, & PAGE KIMBALL

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: September 27, 2024

/s/ Nathan W. Kenison-Marvin
Nathan W. Kenison-Marvin, Bar No. 270162
Assistant Attorney General
Catherine A. Denny, Bar No. 275344
Assistant Attorney General

NH Department of Justice
1 Granite Place South
Concord, NH 03301
nathan.w.kenison-marvin@doj.nh.gov
catherine.a.denny@doj.nh.gov
(603) 271-3650

**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing is being conventionally mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301 on September 30, 2024, and that on September 27, 2024, I have first electronically mailed a copy of the same to Plaintiff at the email address through which I regularly correspond with him.

            */s/ Nathan W. Kenison-Marvin*
            Nathan W. Kenison-Marvin