## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

***************************************
William Soler Justice,

        Plaintiff,

v.                                              Civil No. 1:20-cv-00517-PB

Christopher T. Sununu, et al.,

        Defendants.

***************************************

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ADD MORE DEFENDANTS TO COMPLAINT

Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, III, Joshua Deblois, Benjamyn Carver, and Page Kimball ("Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, hereby object to Plaintiff's Motion to Add Additional Parties ("Motion"), stating as follows:

Plaintiff initially filed his Complaint on April 28, 2020, related to incidents occurring in the Secure Psychiatric Unit in 2018 and 2019. ECF No. 1. Since filing the Complaint, Plaintiff has added or substituted several additional parties, including Page Kimball in May 2024 (Mark Kimball was initially served) and Benjamyn Carver in early 2024 (Randall Carver was initially served). The Defendants have filed answers, and discovery has been ongoing for over a year.

In Plaintiff's January 8, 2025 Motion, Plaintiff seeks to add five additional current or former DOC employees as defendants. ECF No. 126. He does not attach a proposed amended complaint to his Motion, nor explain what claims he intends to raise against the additional defendants. However, he includes statement forms that had been included with several incident

reports involving Plaintiff during his commitment in the SPU in 2018, which were completed by the proposed additional defendants, as Exhibits A-F to his Motion.

The Defendants object to Plaintiff's Motion to Add More Defendants, as Plaintiff has failed to state good cause to extend the Court's deadline for amendments of pleadings; adding additional parties at this late juncture will cause further delay and prejudice defendants; and his efforts would be futile.

## Legal Standard

For plaintiffs seeking to amend their complaint more than twenty-one days after a motion to dismiss or answer has been served, plaintiffs can only amend "with the opposing party's written consent or the court's leave." FRCP 15(a). Leave to amend "shall be freely given when justice so requires." *Id.* A court may deny a motion for leave to amend for "myriad reasons" including "undue delay, repeated failure to cure deficiencies, or futility." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 195 (1st Cir. 2015). The Court may also consider "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, where a motion to amend is filed after the date set forth in the court's scheduling order, Plaintiff must show "good cause" to support a leave to amend. *United States ex rel. D'Agostino*, 802 F.3d at 194 ("When made in derogation of a scheduling order, however, Rule 16(b)'s more stringent good cause standard takes precedence.")

Here, it is the DOC Defendants' position that Plaintiff has failed to comply with the Court's scheduling order and therefore the "good cause" standard should apply. However, Plaintiff's Motion should be denied under either standard.

## Argument

**I. Plaintiff has failed to comply with the Court's scheduling order and has failed to state good cause to file leave to amend.**

The Court's scheduling order from November 2, 2023 set the following deadlines: Amendment of Pleadings (FRCP 15) and Joinder of Additional Parties (FRCP 19 and 20) are due January 31, 2024. ECF No. 84. Regarding extension of deadlines, this Court ordered the following:

> If any party seeks to extend a deadline in this case, that party shall attempt to reach an agreement with the other parties. Whether or not the parties agree to any extension of a deadline in this case, no deadline can be extended without court approval. Motions to extend, whether agreed upon or not, should be made as early as possible, and must be made prior to the deadline the filing party seeks to extend.

*Id.* at 3.

Plaintiff failed to seek Defendants' assent prior to filing this Motion. Plaintiff frequently calls and emails counsel for Defendants for a variety of reasons related to discovery and other matters. Plaintiff inexplicably failed to request Defendants' assent or discuss the possible amendment of claims during any of those communications.

Plaintiff failed to file this Motion prior to the expiration of the deadline. Plaintiff failed to file for an extension of the deadline prior to its expiration as well. Even if Plaintiff argues that he only discovered the involvement of the additional defendants until receiving discovery in this matter, he still failed to file this Motion in a timely manner. Defendants produced the statement forms (included in Plaintiff's Exhibit A-F to his Motion) from each of the proposed additional defendants on June 5, 2024. Plaintiff fails to justify a delay of six months after he received these statement forms to file this Motion.

Plaintiff admits, in fact, that "this request could have been submitted earlier in the proceeding" but asks the Court for "patience and understanding." Mot. at 1. He fails to explain, however, the basis for his delay. As Plaintiff fails to set forth good cause for his admitted delay in filing this Motion, Plaintiff's Motion should be denied.

**II. Adding additional parties at this juncture will unduly prejudice the Defendants.**

Plaintiff's claims are already over five years old. Several of the Defendants, including Defendants Carver, Kimball, and Logan, no longer work in the SPU. Memories fade, and all of the Defendants are seeking a timely resolution of this matter. To add additional defendants, who, in turn, would be entitled to engage in discovery and motions practice, will cause undue delay for the current Defendants.

Defendants also note that Plaintiff's failure to include the full names of the proposed defendants will cause further unnecessary delay. At the inception of this case, Plaintiff failed to include the first name of parties, which unnecessarily led to the inclusion of unrelated state employees in this litigation. For example, Mark Kimball never worked in the SPU, but was initially served due to Plaintiff's failure to identify the parties' first names. This has led to further delay and could have been avoided by engaging in discovery on the issue or by reviewing the State's employee directory.

Defendants have spent significant time responding to discovery requests and object to enlargement of the discovery deadlines to accommodate additional parties. At the last status conference in this matter, the parties agreed that document discovery was complete, and the Court authorized interrogatories. Defendants have produced over 3,000 pages of documents. Defendant Hanks, Mattis, Carver, Deblois, Kimball, and Logan have responded to Plaintiff's interrogatory requests. The only outstanding written discovery at this time are interrogatory responses from Plaintiff. Defendants have not received Plaintiff's responses to Defendants' interrogatory requests, which were served on November 18, 2024 (although Plaintiff has stated that they will arrive prior to the Status Conference). As written discovery is nearly complete, adding additional parties will necessarily delay an already dated case.

### III. Plaintiff's Motion Should be Denied Based on Futility.

Plaintiff's Motion should also be denied because adding additional defendants at this time would be futile. In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). "Under the Rule 12(b)(6) standard, the court must take the factual allegations in the complaint as true, with reasonable inferences in the plaintiff's favor, and determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71 (1st Cir. 2014) (internal quotations and citations omitted).

First, Plaintiff failed to include a proposed amended complaint with his Motion. Instead, he relies on the statement forms of the proposed additional defendants from 2018 as "admiss[ions] to taking part in the alleged assaults against the Plaintiff." Mot. at 1. The statement forms and Plaintiff's barebones assertion in his Motion that the proposed defendants engaged in "assaults" and "wrongdoing" are insufficient to survive a motion to dismiss. These statement forms simply show that these employees assisted in extracting Plaintiff from his cell or assisted in restraining him on two occasions. Plaintiff fails to include allegations to show that the proposed defendants' actions violated a constitutional right or a common law tort.

Second, Plaintiff's claims, whether based on state law torts or federal constitutional claims, against new defendants should be time-barred. The statute of limitations applicable to a constitutional claim pursuant to 42 U.S.C. § 1983 claim is governed by the statute of limitations of personal injury claims in the jurisdiction in which the claim arises. *Fincher v. Town of Brookline*, 26 F.4th 479, 485 (1st Cir. 2022) (citation omitted). Claims against the State of New Hampshire or its employees must be brought within three years of the date of the alleged injury.

RSA 541-B:14. The incidents allegedly occurred in February and July 2018, over six years ago. As Plaintiff has failed to raise claims against these defendants for over six years, and failed to state a basis for an exception to the statute of limitations, claims against the proposed defendants are not timely and are therefore futile.

WHEREFORE, Defendants respectfully requests that this Honorable Court:

A. Deny Plaintiff's Motion to Add More Defendants to Complaint; and

B. Grant any further relief as justice so requires.

Respectfully submitted,

Commissioner Helen Hanks, *et al.*

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: January 17, 2025        /s/ Catherine A. Denny
Catherine A. Denny, Bar #275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being conventionally mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301.

Dated: January 17, 2025        */s/ Catherine A. Denny*
Catherine A. Denny