## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

*****************************************
William Soler Justice,          *
                      *
          Plaintiff,       *
      v.                     *      Civil No. 1:20-cv-00517-PB
                      *
Christopher T. Sununu, et al.,    *
                      *
          Defendants.     *
                      *
*****************************************

## KENNETH K. KUM'S ANSWER TO AMENDED COMPLAINT

Defendant Kenneth K. Kum, by and through his counsel, the New Hampshire Office of the Attorney General, answers and responds as follows to Plaintiff William Soler Justice's Amended Complaint (ECF No. 131).

## ADMISSIONS & DENIALS

Defendant generally denies the allegations Plaintiff sets forth in his complaint. See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5). As to any claims raised against defendants other than Morissette, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's allegations and to the extent a response is required, those claims are denied.

As to specific facts within Plaintiff's Amended Complaint, Defendant responds to the following:

1. ¶6: Admitted.

2. ¶51: Admitted that CO Frank Logan entered Plaintiff's cell on July 13, 2018; denied as to all other allegations in sentence 1. Admitted that CO Kum was initially filming the

incident prior to the extraction; denied as to all other factual allegations in sentence 2. Denied as to any other factual allegations.

3. ¶52: Admitted that PPO Boisselle deployed pepper spray into Plaintiff's cell on July 13, 2018; denied that Plaintiff was in "involuntary seclusion." Defendant is without information or knowledge sufficient to admit or deny any remaining factual allegations in sentence 1. Admitted that Defendant handcuffed Plaintiff; denied that they were applied incorrectly; denied that Plaintiff showed no signs of assaultive, violent, or aggressive behavior; denied as to any remaining allegations in sentence 2. Admitted that PPO Boisselle filmed for part of the incident; denied that the incident can be described as "excessive force" and denied as to any remaining allegations in sentence 3.

4. ¶73: Denied.

5. As to the remaining paragraphs and factual assertions not previously addressed above, Defendant is without sufficient information to admit or deny and therefore denies.

## <u>AFFIRMATIVE DEFENSES</u>

In asserting the following affirmative defenses to Plaintiff's claims, Defendant does not concede that the assertion of such defenses imposes any burden of proof on Defendant with respect thereto.

1. **<u>First Affirmative Defense</u>:** Plaintiff has failed to properly exhaust his available administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].

2. **<u>Second Affirmative Defense</u>:** Plaintiff's claims for monetary damages, including but not limited to mental or emotional injury and punitive damages, are barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

3. **<u>Third Affirmative Defense</u>:** The Plaintiff has not suffered any damages, as the damages alleged preceded any of the alleged accrual of claims brought by Plaintiff.

4. **<u>Fourth Affirmative Defense</u>:** Defendant has not violated Plaintiff's federal constitutional right to receive adequate medical care.

5. **<u>Fifth Affirmative Defense</u>:** Defendant has not violated Plaintiff's Eighth or Fourteenth Amendment rights.

6. **<u>Sixth Affirmative Defense</u>:** Defendant has not violated professional standards of medical care.

7. **<u>Seventh Affirmative Defense</u>:** The Plaintiff's claims are barred and/or reduced by assumption of risk, and contributory and/or comparative fault.

8. **<u>Eighth Affirmative Defense</u>:** Defendant is not a medical professional nor does he supervise medical professionals in making medical decisions.

9. **<u>Ninth Affirmative Defense</u>:** Defendant is entitled to assert all applicable immunities to Plaintiff's claims against them, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

10. **<u>Tenth Affirmative Defense</u>:** Plaintiff has failed to state a claim upon which relief may be granted.

## <u>RESERVATION OF RIGHTS</u>

1. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses or affirmative defenses. Defendant reserves the right to assert any additional defenses or affirmative defenses that

discovery indicates may be appropriate.  Defendant likewise reserves the right to amend

or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A.  Enter judgment in favor of Defendant;

B.  Dismiss the operative complaint;

C.  Grant such other and further relied as justice may require.


Respectfully submitted,

KENNETH K. KUM

By his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: April 29, 2025                 /s/ Catherine A. Denny
                                      Catherine A. Denny, Bar #275344
                                      Assistant Attorney General
                                      Civil Bureau
                                      NH Department of Justice
                                      1 Granite Place South
                                      Concord, NH 03301
                                      catherine.a.denny@doj.nh.gov
                                      (603) 271-1354


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing is being conventionally mailed to the
Plaintiff at 51 Storrs St., #310, Concord, NH 03301


Dated: April 29, 2025                 /s/ Catherine A. Denny
                                      Catherine A. Denny