**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| William Justice, | \* |
| Plaintiff, | \* |
| v. | \*   Civil No. 1:20-cv-00517-PB |
| Christopher T. Sununu, et al., | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RILEY MORISSETTE'S ANSWER TO AMENDED COMPLAINT

Defendant Riley Morissette, by and through his counsel, the New Hampshire Office of the Attorney General, answers and responds as follows to Plaintiff William Soler Justice's Amended Complaint (ECF No. 131).

## ADMISSIONS & DENIALS

Defendant generally denies the allegations Plaintiff sets forth in his Amended Complaint. See Fed. R. Civ. P. 8(b)(3). As such, any allegation not expressly admitted herein is denied. Where Defendant lacks knowledge or information sufficient to form a belief about an allegation, Defendant so responds. See Fed. R. Civ. P. 8(b)(5). As to any claims raised against defendants other than Morissette, Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's allegations and to the extent a response is required, those claims are denied.

As to specific facts within Plaintiff's Amended Complaint, Defendant responds as follows:

¶9: Admitted.

¶39: Admitted that on February 18, 2018, Page H. Kimball entered Plaintiff's cell with a shield and Joshua N. Deblois deployed a taser; denied as to all remaining allegations in sentence 1. Denied as to sentences 2-4.

¶71: Denied.

As to the remaining paragraphs and factual assertions not previously addressed above, Defendant is without sufficient information to admit or deny and therefore denies.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to Plaintiff's claims, Morissette does not concede that the assertion of such defenses imposes any burden of proof on Defendant with respect thereto.

1. **First Affirmative Defense:** Plaintiff failed to file this Amended Complaint against Defendant within the statute of limitations; and Plaintiff's claims to not relate back to the filing of the initial Complaint.

2. **Second Affirmative Defense:** Plaintiff's claims for monetary damages, including but not limited to mental or emotional injury and punitive damages, are barred by 42 U.S.C. § 1997(e)(e) [Prison Litigation Reform Act].

3. **Third Affirmative Defense:** The Plaintiff has not suffered any damages, as the damages alleged preceded any of the alleged accrual of claims brought by Plaintiff.

4. **Fourth Affirmative Defense:** Defendant has not violated Plaintiff's federal constitutional right to receive adequate medical care.

5. **Fifth Affirmative Defense:** Defendant has not violated Plaintiff's Eighth or Fourteenth Amendment rights.

6. **<u>Sixth Affirmative Defense:</u>**  The Plaintiff's claims are barred and/or reduced by assumption of risk, and contributory and/or comparative fault.

7. **<u>Seventh Affirmative Defense:</u>** Defendant is entitled to assert all applicable immunities to Plaintiff's claims against them, including but not limited to Eleventh Amendment immunity, sovereign immunity, qualified immunity, official immunity, and discretionary function immunity.

8. **<u>Eighth Affirmative Defense:</u>**  Plaintiff has failed to state a claim upon which relief may be granted.

## <u>RESERVATION OF RIGHTS</u>

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, defenses or affirmative defenses. Defendant reserves the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate.  Defendant likewise reserves the right to amend or to seek to amend this answer or the defenses asserted herein.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A. Enter judgment in favor of Defendant;

B. Dismiss the operative complaint;

C. Grant such other and further relied as justice may require.

                                        Respectfully submitted,

                                        RILEY MORISSETTE

                                        By his attorney,

                                        THE OFFICE OF THE ATTORNEY GENERAL

Dated: April 29, 2025                /s/ Catherine A. Denny
                                        Catherine A. Denny, Bar #275344

                              Assistant Attorney General
                              Civil Bureau
                              NH Department of Justice
                              1 Granite Place South
                              Concord, NH 03301
                              catherine.a.denny@doj.nh.gov
                              (603) 271-1354

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing is being conventionally mailed to the Plaintiff at 51 Storrs St., #310, Concord, NH 03301


Dated: April 29, 2025                       */s/ Catherine A. Denny*
                                                Catherine A. Denny