UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                     \*

WILLIAM SOLER JUSTICE,           \*
                                     \*

                Plaintiff.     \* No. 1:20-cv-00517-PB
                                     \* May 14, 2025
                                     \* 10:05 a.m.
               v.                   \*
                                     \*
                                     \*

GOVERNOR, NH, STATE OF, ET AL.,   \*
                                     \*

                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF STATUS CONFERENCE

BEFORE THE HONORABLE PAUL J. BARBADORO

APPEARANCES:

For the Plaintiff:      William Soler Justice, pro se

For the Defendants:     Catherine Denny, Esq.
                          New Hampshire Attorney General's Office

Court Reporter:        Brenda K. Hancock, RMR, CRR
                          Official Court Reporter
                          United States District Court
                          55 Pleasant Street
                          Concord, NH 03301
                          (603) 225-1454

P R O C E E D I N G S

THE CLERK:  All rise for the Honorable Court.  Please be seated.

Court is now in session and has before it for consideration a status conference in 20-cv-517-PB, William Justice versus State of New Hampshire, Governor, et al.

THE COURT:  Mr. Justice, the Clerk informs me that your guardian was in a car accident.

MR. JUSTICE:  Yes, early this morning, about an hour and a half ago.

THE COURT:  Is she all right?

MR. JUSTICE:  According to what she told me, she's fine.  She called me.  She called me I think from the accident scene.  She told me that somebody ran a stop sign and hit her and totaled her car.

THE COURT:  Oh, wow.  She's still your guardian, right?

MR. JUSTICE:  Yes.

THE COURT:  Okay.  If you want to continue this hearing until she can be here, I'm willing to do that.  If you want to go ahead for now and you can review anything with her later, that's fine, too.  What do you want to do?

MR. JUSTICE:  I'd rather wait till she's here.

THE COURT:  Okay.  All right.  Well, let's just -- let me just get a quick status update from defense counsel, and

then we'll set another hearing when she can be here, okay?

MR. JUSTICE:  Okay.

THE COURT:  All right.  So, Counsel, some of these questions I was going to ask the guardian, but, because of the guardian status, I really don't want to force Mr. Justice to be in the role of representing himself, because he has a guardian now, so maybe, to the extent you know the answer to these questions, you can help me just get ready for next steps here.

So, we allowed for service on certain people.  You accepted service on behalf of those that you could.  There were a couple that you were not able to accept service on behalf of, they're not currently employed, apparently, by the state, and my understanding is the plaintiff has attempted to serve these people, but they have not been able to complete service.  Do you have any different information?

MS. DENNY:  No, your Honor.  Everything you said so far is accurate.

THE COURT:  Okay.  And we're trying to eliminate some confusion regarding what claims are going to be litigated and what claims are not being litigated, and I think we have resolved the issue that any claims that have been rejected in the Magistrate Judge's Report and Recommendation, which was subsequently approved, those claims are not going to be litigated going forward.  Any rights that the plaintiff has are preserved with respect to challenging that ruling at a later

4

date, but we're going to proceed only on the claims that have been recognized as viable claims against those defendants who have appeared in the litigation.

I'll wait till Mr. Justice's guardian is here, but my strong inclination is to just push forward with the defendants we have and try to resolve this case. If he wants to try to continue to serve them, he can, but there's only a limit to how much we can do if people can't be located.

But your understanding is that the parties are in agreement as to what claims are still viable and can be litigated by Mr. Justice; is that right?

MS. DENNY: That's correct, your Honor.

THE COURT: Okay. And, from your perspective, do you still have outstanding requests for discovery from Mr. Justice, or are you currently satisfied that whatever it is you've sought from him, you've either been able to obtain it, or you're not pursuing it further?

MS. DENNY: Any discovery that was served, all of those issues have been resolved. There hasn't been any new discovery for the new defendants yet, and so it's my understanding that there may need to be limited discovery for the new defendants, and then upcoming deadlines, including depositions, expert deadlines and potentially the motion for summary judgment deadlines.

THE COURT: So, Mr. Justice, I'll wait to set those

5

deadlines till your guardian is here, because she can consult with you and advise me of what your position is on those things.  So, I think that is the -- the next step will be you've got some new defendants, so I want to give you a fair opportunity to do some limited discovery of those new defendants, and we'll need to agree on what you want and what a schedule is for getting it.

And I don't know if those defendants will have any limited discovery of Mr. Justice in light of the fact that they're coming in late.  If they do, I would give -- if they wanted to, I would give you that opportunity.

So, the two of you, you should before the next conference with me meet and confer and find out from Mr. Justice's guardian is he going to want any additional discovery from those defendants, and are you going to seek any discovery from him with respect to those defendants, and, if so, I'd like you to agree on a schedule that you can propose to me at the next conference for completing that discovery.

My understanding was that Mr. Justice was not, at least at the last hearing, was not planning on doing any depositions of his own, set aside experts for the moment.

Are you planning to take Mr. Justice's deposition or other depositions?

MS. DENNY:  Mr. Justice's deposition, and we don't have any other depositions that we are anticipating.

6

THE COURT:  Okay.  So, it sounds to me like what we ought to do is, when the guardian's back here, get this issue of document discovery, if any, from the remaining -- the new defendants, get that out of the way, and then, unless Mr. Justice changes his mind, the only nonexpert deposition that you're likely to do is one you're going to take of Mr. Justice.

So, nobody has committed to anything yet; I'm just sort of outlining in general how I think we ought to proceed.

So, hopefully at the next conference you can come back to me, after having met and conferred with the guardian, and figured out any remaining document discovery, a schedule for that, and a schedule for taking Mr. Justice's deposition and any thoughts you have about tentative expert disclosure deadlines.

At the last hearing I did make Mr. Justice and his guardian aware of the fact that the Chief Judge of the court has authorized limited funds for experts in cases like yours, now you have a guardian, especially, and so one of the things you're going to need to talk to the guardian about is that you should be looking now for an expert, if you want one.

MR. JUSTICE:  She found me one.

THE COURT:  She found you one.  Okay, good.  And you don't have to say more about that now, but we will have to agree on expert disclosure deadlines, so that a report has to

be prepared by the expert, and then the expert would be subject to deposition. And the defendants will have an opportunity to put on an expert, if they want, too; so they can disclose an expert, and they have to produce a report. You could take their deposition or not. And then we're pretty much ready for summary judgment, I think.

So, to the extent you can, in talking with the guardian, come to the next hearing with a proposal that can get us up through expert disclosure deadlines, that would be great, and then we are really getting close to the point where all we need to do is get any expert -- we get Mr. Justice's deposition done, any expert depositions that need to be done after disclosures. Then I think we're ready for your summary judgment motion. So, at the next conference, if we can get all that agreed to, we can set a sort of tentative deadline, how much time do you want after the experts have been deposed to put together a summary judgment motion.

And if you want to, you can put one together, too.

Generally, the party with the burden of proof in cases like this is not -- it isn't productive to get summary judgment, because it's harder to get when you have the burden of proof, but that will be an option that you can have, to file a motion. Okay?

So, it sounds to me like we're on track. I hope your guardian is fine.

8

MR. JUSTICE:  Thank you.

THE COURT:  I'm not sure there's much more that we can do today.  Is there anything on the defendant's plate that you wanted to take up with me?

MS. DENNY:  No, your Honor.

THE COURT:  Okay.  So, I guess the instruction to the parties for the next conference, and you can make the guardian aware of this, is that I would like them to come to the conference prepared with an agreement, and, if there is an agreement, what your respective positions are on any document discovery from the new defendants, a proposed schedule for the deposition of Mr. Justice, a proposed schedule for disclosure of experts' expert reports, and any expert depositions.

And if you can come to me with that, and we can just stick with that schedule, then at the next conference we can say, okay, assuming that all goes according to plan, how much time does the defendant want to prepare a summary judgment motion.  I would think 30 days after the last expert deposition is done to prepare, and then 30 days to respond, and maybe 14 days for a reply.  If the parties want oral argument, they can request it; if not, I can decide it on the papers.

But that's what I would be thinking about, tentatively, but if you had a different schedule in mind, you can propose it at the next hearing.  Okay?

So, we come away with some to-dos and a sense of our

9

longer-term planning.  I don't think there's anything more we can do today.

Anything else, Mr. Justice, while you're here?  I don't want to commit you to anything without your guardian.

MR. JUSTICE:  No, I have no questions.

THE COURT:  Okay.  Okay, good.  Thank you.

THE CLERK:  All rise.

(WHEREUPON, the proceedings adjourned at 10:17 a.m.)

10

C E R T I F I C A T E

        I, Brenda K. Hancock, RMR, CRR and Official Court Reporter of the United States District Court, do hereby certify that the foregoing transcript constitutes, to the best of my knowledge, skill, ability and belief, a true and accurate transcription of the within proceedings.

Date: ___5/21/25_____    /s/ *Brenda K. Hancock*
                           Brenda K. Hancock, RMR, CRR
                           Official Court Reporter