UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
William Soler Justice,                *
                                      *
          Plaintiff,                  *
     v.                               *   Civil No. 1:20-cv-00517-PB
                                      *
Christopher T. Sununu, et al.,        *
                                      *
          Defendants.                 *
                                      *
*************************************
```

**DECLARATION OF KENNETH KUM**

I, Kenneth Kum, with personal knowledge, hereby declare, pursuant to Federal Rules of Civil Procedure 56(c)(4) and 28 U.S.C § 1748, as follows:

1. I am providing this declaration in support of the Defendants' Motion for Summary Judgment in the above-captioned case.

2. I have worked as an officer with the New Hampshire Department of Corrections (DOC) since 2/8/2013. I have always been assigned to the Secure Psychiatric Unit.

3. I attended the State of New Hampshire Police Standards and Training Academy in 2013.

4. I receive yearly in-service trainings, including use of force trainings. While working in the SPU, I received mental health training at New Hampshire Hospital.

5. During the use of force trainings, we were trained on the current use of force policies and procedures for the Department of Corrections (DOC). The procedure is the same for those who were committed in the SPU and residents housed in any other DOC facility, and it is also the same for probation and parole officers. The policy in place during the time period when Plaintiff was at the SPU allows officers to use "the reasonable level of physical force in

situations [for] self-defense, …to protect others, prevent loss of life, prevent serious bodily injury, protect from self-abuse, protect serious destruction of property, prevent escapes, or to affect an arrest." PPD 5.58.

6. I was involved in one incident with Plaintiff relevant to this Complaint on July 13, 2018. The statement that I wrote regarding the July 13, 2018 incident is on page DOC_20 of Exhibit 7, and it is a true and accurate statement of what occurred and my involvement in this incident to the best of my recollection. I reviewed additional incident reports and statements from July 13, 2018, numbered DOC_012-20 (Exhibit 7). Those incident reports and statements are also consistent with my recollection of what occurred.

7. Plaintiff was a difficult patient and was a mess when he arrived. He required several cell extractions during his time at the SPU. My actions and those of the other DOC staff were reasonable and necessary during this incident on July 13, 2018, as explained in my report.

8. While the handcuffs were placed facing inward, this did not affect the fit of Plaintiff's handcuffs. The downside of placing the handcuffs inward is that it can be more difficult to remove the handcuffs later. Unfortunately, we cannot always place facing outwards in the heat of the moment, particularly here, where Plaintiff was not voluntarily cuffing up in response to officers' orders. This cell extraction was also made more difficult because Plaintiff was very large and was perched on a high shelf and the cell was wet and slippery.

9. I was never made aware on or around April 28, 2020 that Plaintiff had filed a Complaint against several DOC employees. I was never contacted by Plaintiff, or anyone acting on Plaintiff's behalf, that Plaintiff had filed this Complaint or initiated a lawsuit against me. I first became aware of this lawsuit on or around March 17, 2025, when I was contacted by my employer about this matter.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on the date listed below.**

Date: 11/13/2025                                                                 *Kenneth Kum*
                                                                                                   Kenneth Kum