UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
William Soler Justice,                *
                                      *
        Plaintiff,              *
v.                                    *   Civil No. 1:20-cv-00517-PB
                                      *
Christopher T. Sununu, et al.,        *
                                      *
        Defendants.             *
                                      *
*****************************************

## DECLARATION OF RILEY MORISSETTE

I, Riley Morissette, with personal knowledge, hereby declare, pursuant to Federal Rules of Civil Procedure 56(c)(4) and 28 U.S.C § 1748, as follows:

1. I am providing this declaration in support of the Defendants' Motion for Summary Judgment in the above-captioned case.

2. I have worked as a Corrections Officer with the New Hampshire Department of Corrections since May 15, 2015  I was assigned to the Secure Psychiatric Unit from November 2015 to September 2022. I currently work as a Corrections Officer and Correctional Case Manager with the NH Adult Parole Board.

3. I attended the State of New Hampshire Police Standards and Training Academy in 2015.

4. I receive yearly in-service trainings on the use of force and de-escalation.  I was also certified in the use of the Taser. I received a mental health training from New Hampshire Hospital prior to working at the SPU. The training included de-escalation techniques and mechanical restraint procedures utilized by NHH, and two clinical days where I shadowed a mental health clinician.

5. During the use of force training, we were trained on the current use of force policies and procedures for the Department of Corrections (DOC). The procedure is the same for those who were committed in the SPU and residents housed in any other DOC facility. The policy in place during the time period when Plaintiff was at the SPU allows officers to use "the reasonable level of physical force in situations [for] self-defense, ...to protect others, prevent loss of life, prevent serious bodily injury, protect from self-abuse, protect serious destruction of property, prevent escapes, or to affect an arrest." PPD 5.58.

6. I worked as a corrections officer while Plaintiff was housed at the SPU in 2018 and 2019. I was involved in one incident with Plaintiff relevant to this Complaint on February 18, 2018. The statement that I wrote regarding the February 18, 2018 incident is on page DOC_006 of Exhibit 5, and it is a true and accurate statement of what occurred and my involvement in this incident to the best of my recollection, with the exception that I gave the incident report to "Cpl. Kimball" not "Cpl. Morissette" (this was a typo). I reviewed additional incident reports and statements from July 13, 2018 in Exhibit 5, numbered DOC_001-5 and DOC_007-9. Those incident reports are also consistent with my recollection of what occurred.

7. My actions and those of the other DOC staff were reasonable and necessary to ensure that Plaintiff was placed into restraints while keeping Plaintiff and staff safe. We were relying on medical's determination that Plaintiff needed to be placed into restraints for his own safety. Plaintiff was significantly larger than me and every officer present during this incident. Despite our attempts to get Plaintiff to comply, he refused to listen to my commands and commands of other staff prior to Officer Deblois deploying the Taser. I did place my knee on Plaintiff's hamstring while restraint cuffs were being put on, but little to no pressure was applied as the resistance had stopped at that point. Given Plaintiff's weight and relative strength,

combative history, and his failure to comply with verbal commands during this incident, I felt it was necessary to maintain the safety of everyone in the room by continuing to restrain his leg while other officers applied restraint cuffs.

8.	I was never made aware on or around April 28, 2020 that Plaintiff had filed a Complaint against several DOC employees. I was never contacted by Plaintiff, or anyone acting on Plaintiff's behalf, that Plaintiff had filed this Complaint or initiated a lawsuit against me. I first became aware of this lawsuit on or around March 20, 2025, when I was contacted by my employer about this matter.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on the date listed below.**

Date: 11/12/2025

/s/
Riley Morissette

OFFICER/CASE MANAGER
RILEY. R. MORISSETTE

- 3 -