**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
************************************
William Soler Justice,              *
                                    *
            Plaintiff,              *
     v.                             *     Civil No. 1:20-cv-00517-PB
                                    *
Christopher T. Sununu, et al.,      *
                                    *
            Defendants.             *
                                    *
************************************
```

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR THE COURT'S PERMISSION TO INCLUDE MORE EVIDENCE

Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, Joshua Deblois, Benjamyn Carver, Page Kimball, Riley Morissette, Johnathan Boisselle, and Kenneth Kum ("State Defendants"), by and through counsel, the New Hampshire Department of Justice, hereby submit this Opposition to Plaintiff's Motion for the Court's Permission to Include More Evidence, stating the following as grounds:

Plaintiff conventionally-filed a 61-page booklet, entitled "NH Prisoner & Loved One's Survival Manual," which he purports to have written about his life and his experience, including his time in the Secure Psychiatric Unit in 2018. In the booklet, he alleges, among other things, that he had a microchip inserted in his brain in 2001. Plaintiff's motion to submit this booklet into the summary judgment record should be denied because it is both untimely and it improperly seeks to inject disputed facts into the undisputed factual record.

In June 2025, this Court approved the parties' request to set deadlines for dispositive motions.  The State Defendants moved to extend the deadlines with assent of Plaintiff, which the Court granted.  On November 24, 2025, the State Defendants filed their Motion for Summary

1

Judgment and accompanying Memorandum of Law. On December 26, 2025, Plaintiff timely filed his Objection to State Defendants' Motion for Summary Judgment.

Plaintiff provides no basis for his failure to submit this additional evidence with his Objection to the State Defendants' Motion for Summary Judgment. The booklet is not sworn testimony, nor does it include a date that it was written. The booklet claims to have been copyrighted in 2025. ECF 171-1 at 2. The information contained in the booklet is not new: he focuses on his background up and until he was committed to the Secure Psychiatric Unit in 2018. ECF 171. In his motion, Plaintiff does not explain why he failed to submit this booklet with his Objection in December 2025.

Plaintiff also fails to explain the purpose of submitting this booklet. Plaintiff fails to state whether this booklet is intended to inject disputed facts into the summary judgment record, for example. The booklet itself contains significant material that does not appear relevant to the State Defendants' motion. Plaintiff has not identified how or whether the information within the booklet disputes any of Defendants' facts.

However, to the extent that Plaintiff now seeks to submit additional facts into the summary judgment summary judgment, he does so improperly. *See* Fed. R. Civ. P. 56(c); *see also* L.R. 56.1. Here, the booklet is neither an affidavit nor a declaration, and the booklet is therefore not a statement by Plaintiff that the Court may properly consider on summary judgment. *See* F.R.C.P. 56 (c)(1) (requiring the parties to cite to materials on the record, including affidavits or declarations). Further, the booklet itself is not admissible evidence; rather, it is an unsworn self-serving document prepared by Plaintiff after the close of summary judgment. *See* F.R.C.P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Plaintiff has

2

similarly failed to incorporate the information contained in his booklet into his "short and concise statement of material facts" as required by L.R. 56.1(b).

Plaintiff's motion to submit a newly created self-serving booklet should be denied as untimely and in violation of the applicable court rules.


WHEREFORE, the State Defendants respectfully request that the Court deny Plaintiff's Motion for the Court's Permission to Include More Evidence.


Respectfully submitted,
DEFENDANTS:
HELEN HANKS, PAULA MATTIS, DEBORAH ROBINSON, CARLENE FERRIER, FRANK LOGAN, III, JOSHUA DEBLOIS, BENJAMYN CARVER, PAGE KIMBALL, RILEY MORISSETTE, JONATHAN BOISSELLE, KENNETH KUM

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL


Dated: June 2, 2026

/s/ *Catherine A. Denny*
Catherine A. Denny, Bar No. 275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301 on this same date.


Dated: June 2, 2026                    */s/ Catherine Denny*
                                             Catherine A. Denny