**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| William Soler Justice,<br><br>Plaintiff,<br>v.<br><br>Christopher T. Sununu, et al.,<br><br>Defendants. | * | Civil No. 1:20-cv-00517-PB |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND INCORPORATED MEMORANDUM OF LAW**

Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, III, Joshua Deblois, Benjamyn Carver, and Page Kimball ("Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, hereby object to Plaintiff's Motion for Injunctive Relief ("Motion"), stating as follows:

Plaintiff filed his Complaint on April 28, 2020, related to incidents occurring in the Secure Psychiatric Unit in 2018 and 2019. Doc. No. 1. Since filing the Complaint, Plaintiff has added or substituted several additional parties. Plaintiff moved to add five additional DOC employees as defendants five years later on January 8, 2025. Discovery, except as to Defendant Nathaniel Seabron, is closed and summary judgment is pending for the remaining Defendants. After six years, the only claims remaining pertain to allegations of excessive force incidents in 2018 and 2019 at the SPU. Plaintiff seeks compensatory damages.

Pursuant to the December 2, 2022 amended report and recommendation (Doc. No. 29), Plaintiff's claim for injunctive relief was denied as moot because Plaintiff was transferred from the Secure Psychiatric Unit (SPU) to New Hampshire Hospital (NHH). Doc. No. 29 at 33. This

Court approved the report and recommendation on January 12, 2023. Doc. No. 31 at 1. Plaintiff did not move to reconsider the amended report and recommendation, nor did he move to amend his Complaint.

In his pending Motion, Plaintiff seeks to "reinsert request for injunction to prevent the state of NH from placing civilly committed non-convicted patients in NHDOC SPU." Doc. No. 177 at 1. Plaintiff filed substantially the same motion on February 12, 2024. Doc. No. 98 at 1. He also made substantially the same argument that the issue is capable of repetition but evading review. This Court denied Plaintiff's motion seeking injunctive relief on July 15, 2024. Doc. No. 120.

Just like Plaintiff's February 12, 2024 motion seeking injunctive relief, Plaintiff's Motion should be treated as a motion to reconsider the Court's report and recommendation and should be denied as untimely and futile.

As this Court ruled in July 2024:

> Pursuant to Local Rule 7.2(d), motions for reconsideration are to be "filed within fourteen (14) days from the date of the order unless the party seeking reconsideration shows cause for not filing within that time." Although Justice states in his motion that his conditional discharge was renewed sometime after the report and recommendation issued, he fails to provide an explanation for why his motion comes more than a year late.

Doc. No. 120 at 2. As in 2024, Plaintiff does not sufficiently explain why he has waited two more years to challenge the report and recommendation, well after the close of discovery (except for limited discovery as to Nathaniel Seabron) and while a motion for summary judgment is pending. It would be unduly prejudicial and cause unwarranted delay to add an additional claim, and potentially different parties, at this point in time. The laws governing transfer of civilly committed patients are wholly unrelated to the allegations and claims that are currently present in this case. Plaintiff's civil commitment and any transfer to the SPU would also be governed by a

parallel state court proceeding. Plaintiff could properly challenge such an order in that court. If Plaintiff believes that he has a legal basis to challenge such a transfer in federal court, he should do so in a separate action.

Furthermore, Plaintiff's request for injunctive relief remains moot. As this Court previously found,

> The mootness exception for claims that are "capable of repetition, yet evad[ing] review" applies "only in exceptional situations." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). To invoke the exception, a plaintiff must demonstrate that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Doc. No. 120 at 2-3. Here, Plaintiff is not currently civilly committed at the SPU, nor has he alleged that there are any court proceedings pending regarding a transfer to the SPU. Instead, Plaintiff attaches consultation notes from Concord Hospital from August 11, 2026 showing that Plaintiff is not complying with his treatment plan and stating "[t]ransfer will be to New Hampshire State Hospital when bed is available." Doc. No. 177-1 at 4. There is no mention of any pending move to the SPU. Therefore, Plaintiff lacks a reasonable expectation that he will be transferred to the SPU and his Motion remains moot.

WHEREFORE, Defendants respectfully request that this Honorable Court:

A. Deny Plaintiff's Motion for Injunctive Relief; and

B. Grant any further relief as justice so requires.

Respectfully submitted,

Helen Hanks, Paula Mattis, Deborah Robinson,
Carlene Ferrier, Frank Logan, III, Joshua Deblois,
Benjamyn Carver, and Page Kimball

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: August 26, 2026

/s/ Catherine A. Denny

Catherine A. Denny, Bar #275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being conventionally mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301.

Dated: August 26, 2026

*/s/ Catherine A. Denny*
Catherine A. Denny