**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

William Soler Justice,
Plaintiff,
v. Civil No. 1:20-cv-00517-PB
Christopher T. Sununu, et al.,
Defendants.

# PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff William Soler Justice, through his court-appointed guardian, Wanda Duryea, respectfully submits this reply to Defendants' Objection to Plaintiff's Motion for Injunctive Relief (Doc. No. 179). This reply is limited to rebutting the factual and legal arguments raised in Defendants' objection.

Defendants argue that Plaintiff's motion should be treated as an untimely motion for reconsideration and that the requested relief remains moot because Plaintiff is not presently housed at the Secure Psychiatric Unit ("SPU"). Defendants also rely on an August 11, 2026 consultation note stating that Plaintiff will be transferred to New Hampshire Hospital ("NHH") when a bed becomes available. Doc. No. 179 at 2-3. That reasoning does not account for New Hampshire's documented practice of transferring civilly committed patients from NHH to SPU.

## I. TRANSFER TO NEW HAMPSHIRE HOSPITAL DOES NOT FORECLOSE A LATER TRANSFER TO SPU

Defendants contend that because the August 11, 2026 note names NHH rather than SPU as Plaintiff's anticipated destination, Plaintiff lacks a reasonable expectation of again being transferred to SPU. Doc. No. 179 at 3. The relevant question, however, is not limited to Plaintiff's immediate destination. It is whether placement at NHH forecloses a later transfer from NHH to SPU.

It does not. New Hampshire law provides that a person subject to involuntary admission to the state mental-health services system under RSA 135-C, or involuntary admission under RSA 171-B, may be transferred to SPU under the conditions and procedures stated in RSA 622:45. See N.H. Rev. Stat. Ann. § 622:45, I-II. The statutory framework therefore recognizes that a person within the state mental-health system may later be transferred to SPU.

## II. HEATH v. HANKS DOCUMENTS AN ACTUAL NHH-TO-SPU TRANSFER

The published decision in Heath v. Hanks, 433 F. Supp. 3d 221, 2019 DNH 212 (D.N.H. 2019), provides a concrete example of the precise sequence at issue. The court stated that Anthony K. Heath was admitted involuntarily to NHH on April 4, 2016. The court further stated that on April 14, 2016, the then-Chief Executive Officer of NHH ordered Heath transferred to SPU, the Commissioner of Health and Human Services approved the transfer, and Heath was transferred to SPU on April 22, 2016. Id. at 225-26. A copy of the relevant decision is submitted as Exhibit A.

Heath demonstrates that admission to NHH does not eliminate the prospect of a later SPU transfer. Rather, NHH placement was followed by an SPU transfer within the same month. Plaintiff offers Heath's experience as evidence of the State's transfer practice, not to assert Heath's individual rights in this action.

## III. BUTLER v. ZENK PROVIDES A SECOND DOCUMENTED EXAMPLE

The federal court record in Butler v. Zenk, Civil No. 18-cv-336-JL, likewise states that Andrew Butler was civilly committed to NHH by a state probate court order dated December 29, 2017 and that, while hospitalized at NHH pursuant to that civil commitment, he was involuntarily transferred to SPU. Report and Recommendation at 2-3. The court also stated that, when Butler filed his federal petition, no criminal charges were pending against him, he had not been convicted of a crime, and he had not been found not guilty by reason of insanity. Id. at 3. A copy of the relevant Report and Recommendation is submitted as Exhibit B.

Butler independently confirms that a civilly committed, non-convicted NHH patient has been involuntarily transferred to SPU. As with Heath, Plaintiff relies on Butler only to rebut Defendants' assertion that Plaintiff's anticipated NHH placement makes a later SPU transfer speculative.

## IV. PLAINTIFF'S CONCERN IS BASED ON HIS OWN HISTORY AND DOCUMENTED STATE PRACTICE

Defendants emphasize that Plaintiff is not presently at SPU and has not identified a pending court proceeding expressly directing his transfer there. Doc. No. 179 at 3. Plaintiff does not contend that the August 11 note itself orders an SPU transfer. Instead, Plaintiff contends that his return to NHH places him within a system that has previously transferred civilly committed patients from NHH to SPU and that continues to possess statutory transfer authority.

Plaintiff was previously confined at SPU. The Heath and Butler records demonstrate that NHH-to-SPU transfers are actual events, not an imagined institutional possibility. Those facts should be considered together when determining whether there is a reasonable expectation that Plaintiff could again be subjected to the challenged confinement.

## V. THE CAPABLE-OF-REPETITION EXCEPTION SHOULD BE CONSIDERED ON THE PRESENT FACTS

Defendants rely on the standard requiring that the challenged action be too short in duration to be fully litigated before it ends and that there be a reasonable expectation that the same complaining party will be subjected to the same action again. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Doc. No. 179 at 3.

Plaintiff recognizes that the focus must remain on the likelihood of recurrence as to him, rather than only as to other patients. Plaintiff's prior SPU confinement, his anticipated placement at NHH, the transfer authority reflected in RSA 622:45, and the documented NHH-to-SPU transfers in Heath and Butler together provide a factual basis for evaluating recurrence. The absence of a presently issued SPU transfer order does not make those facts disappear.

## VI. THE MOTION RELIES ON CURRENT CIRCUMSTANCES AND DOES NOT SEEK TO ADD DAMAGES CLAIMS

Defendants characterize the motion as an untimely request to reconsider the Court's prior rulings and argue that allowing a new claim would cause delay and prejudice. Doc. No. 179 at 2. Plaintiff respectfully submits that the present motion relies on current circumstances, including the August 2026 consultation note upon which Defendants themselves rely. Plaintiff does not seek through this reply to add new damages claims or new defendants. He seeks prospective protection against being returned to SPU while civilly committed and non-convicted.

To the extent the Court concludes that reconsideration principles apply, Plaintiff respectfully asks the Court to consider the current factual circumstances bearing on recurrence and mootness, including the documented transfer history submitted with this reply.

## VII. PLAINTIFF CLARIFIES THE SCOPE OF REQUESTED RELIEF

Plaintiff clarifies that he seeks prospective relief protecting himself from transfer to and confinement in SPU while civilly committed and non-convicted. The experiences of Heath and Butler are offered as evidence of State practice and the realistic possibility of NHH-to-SPU transfer, not as an attempt to litigate claims on behalf of absent third parties.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendants' contention that transfer to NHH necessarily eliminates a reasonable possibility of later transfer to SPU; consider RSA 622:45 and the documented Heath and Butler transfers in deciding mootness; deny Defendants' request to deny the motion solely as moot or untimely; grant prospective relief protecting Plaintiff from transfer to and confinement in SPU while he is civilly committed and non-convicted; or grant such other relief as the Court determines just and proper.

*Respectfully submitted,*

William Soler Justice
by his Court-Appointed Guardian,

______________________________

Wanda Duryea
1137 Meaderboro Road
Farmington, NH 03835
Telephone: (603) 923-2793

Dated: August 28, 2026

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

William Soler Justice,
Plaintiff,
v.
Christopher T. Sununu, et al.,
Defendants.

Civil No. 1:20-cv-00517-PB

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, I served a copy of the foregoing Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion for Injunctive Relief, together with Exhibits A and B, by first-class United States mail, postage prepaid, upon:

Catherine A. Denny
Assistant Attorney General
Civil Bureau
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301

___________________________________

Wanda Duryea
Court-Appointed Guardian for William Soler Justice
1137 Meaderboro Road
Farmington, NH 03835
Telephone: (603) 923-2793