**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

William Soler Justice, by his Guardian, Wanda Duryea,

Plaintiff,

v. Civil No. 1:20-cv-00517-PB

Christopher T. Sununu, et al.,

Defendants.

# PLAINTIFF'S EXHIBIT A

## HEATH v. HANKS

Civil No. 18-cv-624-JD

433 F. Supp. 3d 221; 2019 DNH 212

### DESCRIPTION AND RELEVANCE

This exhibit identifies the published decision in Heath v. Hanks, in which the United States District Court for the District of New Hampshire described Anthony K. Heath's involuntary admission to New Hampshire Hospital and his later transfer to the Secure Psychiatric Unit at the New Hampshire State Prison. It is offered to show that placement at New Hampshire Hospital does not necessarily foreclose a later transfer to SPU.

### RELEVANT FACTUAL FINDINGS

The decision states that Heath was admitted to New Hampshire Hospital on April 4, 2016. It further states that on April 14, 2016, the hospital's then Chief Executive Officer ordered Heath transferred to SPU, that the Commissioner of Health and Human Services approved the transfer, and that Heath was transferred to SPU on April 22, 2016.

### SIGNIFICANCE TO THE PENDING REPLY

1. The NHH-to-SPU transfer occurred after Heath had already been admitted to New Hampshire Hospital.
2. The decision provides a documented example of a civilly committed patient being transferred from NHH to SPU.
3. The decision is relevant to Defendants' contention that an anticipated NHH placement makes a later SPU transfer merely speculative.

### SOURCE

Heath v. Hanks, 433 F. Supp. 3d 221, 2019 DNH 212 (D.N.H. Dec. 19, 2019), Civil No. 18-cv-624-JD. Official court opinion: https://www.nhd.uscourts.gov/sites/default/files/Opinions/19/19NH212.pdf

*Respectfully submitted,*

William Soler Justice, by his court-appointed Guardian,

/s/ Wanda Duryea

Wanda Duryea | Court-Appointed Guardian for William Soler Justice
1137 Meaderboro Rd.
Farmington, NH 03835
nh_cherokee@yahoo.com
(603)923-2793

Dated: August 28, 2026

Justice v. Sununu, Civil No. 1:20-cv-00517-PB

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony K. Heath

v. Civil No. 18-cv-624-JD
Opinion No. 2019 DNH 212

Helen E. Hanks, Commissioner,
New Hampshire Department of
Corrections, et al.

O R D E R

Anthony K. Heath brought this action against Helen Hanks, Commissioner of the New Hampshire Department of Corrections; Deborah Robinson, Administrator of the Secure Psychiatric Unit ("SPU") at the New Hampshire State Prison; Jeffrey Meyers, Commissioner of the New Hampshire Department of Health and Human Services; Alexander de Nesnara, M.D., Chief Medical Officer at the New Hampshire Hospital ("NHH"); and Robert MacLeod, former Chief Executive Officer at the NHH. Heath brings his suit against all the defendants in both their individual and official capacities. There are three counts in Heath's Amended Complaint: two for violations of Heath's procedural due process rights (Counts I and II) and one for a violation of the Americans with Disabilities Act ("ADA", Count III).

The defendants move to dismiss the Amended Complaint. Doc. 25. Heath opposes dismissal.

## Standard of Review

In considering a motion to dismiss, the court asks whether the plaintiff has made allegations that are sufficient to render his entitlement to relief plausible. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable. Id.

## Background

On August 21, 2015, Heath was indicted for second-degree assault and for operating a motor vehicle after being certified as a habitual offender. On January 15, 2016, Heath was indicted for first-degree assault and first-degree assault with a deadly weapon. On March 3, 2016, the Coos County Superior Court found that Heath was not competent to stand trial, and it found by clear and convincing evidence that there was no reasonable likelihood that Heath could be restored to competency through

appropriate treatment within twelve months. The superior court dismissed the indictments against Heath without prejudice, but it found that the state had shown that Heath was dangerous to others. The court ordered Heath to remain in custody for ninety days to be evaluated for involuntary treatment.

After a hearing on March 29, 2016, the First Circuit Court Probate Division in Lancaster admitted Heath to the NHH on an involuntary basis for a period not to exceed five years and a conditional discharge as soon as clinically appropriate. Pursuant to the Probate Court's order, Heath was admitted to the NHH on April 4, 2016.

On April 14, 2016, however, MacLeod, who was then Chief Executive Officer of the NHH, ordered Heath to be transferred to the SPU, which is located at the New Hampshire State Prison. Commissioner Meyers approved the transfer, and Heath was transferred to the SPU on April 22, 2016.

Under RSA 622:45, after MacLeod's transfer order, Heath was placed in the care and custody of the Commissioner of the New Hampshire Department of Corrections (who is now Commissioner Hanks) and the medical unit director. According to Heath's allegations, the SPU is a prison-like environment, with prison-like restrictions. By contrast, the NHH is a hospital-like environment.

Nearly a year later, on April 7, 2017, Deborah Robinson, Administrator of the SPU, requested that the NHH evaluate Heath for a transfer back to the NHH as a less restrictive alternative to the SPU. Dr. de Nesnara, the NHH Chief Medical Officer, denied the request on September 20, 2017, and Heath was left in the SPU.

Heath began this action in July 2018, and he filed a three-count Amended Complaint in September 2019. In Count I, Heath alleges that the defendants transferred him to the SPU – and refused his request to be transferred back to the NHH – through a procedure containing insufficient due process, in violation of the Fifth and Fourteenth Amendments. Heath also alleges that the defendants failed to follow the procedures they had in place for transfers between the NHH and the SPU. Count I is brought against the defendants in their official capacities. In Count II, Heath alleges the same violations as Count I but against the defendants in their individual capacities.

In Count III, Heath alleges that the defendants violated Title II of the ADA by utilizing criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. Heath alleges that the defendants incarcerated him at the SPU rather than keeping him at the NHH based on the

nature of his disability. Heath also asserts that the defendants violated the ADA when they did not provide him with treatment in the "least restrictive environment necessary to achieve the purposes of treatment." Doc. 17 ¶ 56.

In his Amended Complaint, Heath seeks injunctive relief and damages for all of his claims. As to injunctive relief, Heath requests "[a]n order for his release from the Secure Psychiatric Unit, so that he may receive treatment in the least restrictive environment necessary to achieve the purposes of treatment either at the New Hampshire Hospital or, alternatively, from community-based mental health services." Doc. 17 at 7. He also requests declarations that his rights were violated under the federal constitution and the ADA.

In August 2018, Heath's then-guardian filed in this court a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Heath v. Hanks, et al., Case No. 18-cv-693-JL (D.N.H.), ECF doc. 1. In May 2019, Heath, represented by counsel,[1] filed an "Amended Petition For Habeas Corpus Relief," which also appears to assert an entitlement to relief under 28 U.S.C. § 2254. Id., doc. 8 at 2. Heath's habeas petition is currently

[1] The same counsel represents Heath in this case and in his habeas corpus petition.

stayed pending the exhaustion of any state remedies. Id., September 10, 2019, Order Granting Motion to Stay.

## Discussion

The defendants argue that Heath's claims in this case for injunctive relief are barred under Preiser v. Rodriguez, 411 U.S. 475 (1973), and that Heath's claims for damages are barred under Heck v. Humphrey, 512 U.S. 477 (1994). The defendants also contend that Heath has failed to state claims of procedural due process or ADA violations. Heath responds that his claims are not barred and that his Amended Complaint states facts that are sufficient to state claims for relief.

### A. Preiser v. Rodriguez

Under Preiser, persons in state custody cannot bring a § 1983 civil rights action to challenge the fact or duration of their confinement. Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010) (citing Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)). Rather, such persons, including those who are civilly committed, must use the appropriate habeas remedy, either 28 U.S.C. § 2241 or § 2254. Preiser, 411 U.S. at 489; see Duncan v. Walker, 533 U.S. 167, 176 (2001). On the other hand, a prisoner may challenge the "conditions" of his confinement

through § 1983. Wilkinson, 544 U.S. at 84 ("[T]his Court has repeatedly permitted prisoners to bring § 1983 actions challenging the conditions of their confinement . . . ."). The defendants' motion to dismiss presents the question of whether, in his Amended Complaint, Heath challenges the fact or duration of his confinement or the conditions of his confinement.

The defendants contend that, because Heath seeks an order releasing him from his confinement at the SPU, Heath must bring his claims for injunctive relief through a habeas corpus petition. Heath responds that he does not seek an abridgement of his civil commitment and that he does not attack the Probate Court's underlying order confining him to the state's custody. Rather, Heath argues, he seeks only a change in the conditions of his confinement to the least restrictive environment necessary to achieve the purposes of treatment.

At first glance, Heath does not appear to raise a challenge to the fact or duration of his confinement because he does not seek to void the Probate Court's underlying order of commitment. In his Amended Complaint, however, Heath asks the court to undo the state's prior administrative order confining him in the SPU, specifically requesting that the court issue an order releasing him from the SPU and placing him in the "least restrictive environment necessary to achieve the purposes of treatment."

Doc. 17 at 7. In his opposition to the defendants' motion to dismiss, Heath reiterates this point: "The injunctive relief Heath seeks in this case (and also in the pending habeas petition) is his immediate transfer to a less restrictive environment for his mental health treatment." Doc. 27-1 at 5, 11.

Therefore, the court considers whether a claim requesting release from the SPU and a transfer to a less restrictive environment, but not release from state custody entirely, is a claim challenging the fact or duration of confinement or a claim challenging the conditions of confinement. The First Circuit has recognized that, when applying Preiser, there is a "difficult intermediate" area where a person in custody seeks "neither a change in conditions nor an earlier release, but rather a less restrictive form of custody." Gonzalez-Fuentes, 607 F.3d at 873 (citing Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)).[2] Under Gonzalez-Fuentes, the court asks

[2] The Seventh Circuit elaborated on the "difficult intermediate" cases:

> The difficult intermediate case is where the prisoner is seeking not earlier freedom, but transfer from a more to a less restrictive form of custody. We know that if a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom. What if, as here, he is seeking work release, which involves less confinement than ordinary

whether the relief sought "can be fairly described as a quantum change in the level of custody." 607 F.3d at 873 (quoting Graham, 922 F.2d at 381). The plaintiff's remedies for injunctive relief are limited to habeas if the plaintiff seeks a "quantum change." Id.

The court finds that Heath seeks a "quantum change in the level of custody." Heath asks the court for a transfer from a highly restricted prison-like environment under the care and custody of the Department of Corrections, RSA 622:45, IV,[3] to a hospital-like environment under the care and custody of the NHH, RSA 135-C:26, I. If the court granted the relief sought by Heath, he would remain in the state's custody but the fundamental nature of his confinement would change considerably. Therefore, under the applicable standard, Heath's claims for

---

> imprisonment because, as the term implies, it allows him to be outside the prison during working hours? Or what if he were seeking to be confined in his home rather than in a prison?

Graham, 922 F.2d at 380–81 (citations omitted).

[3] "Any person admitted or transferred to the unit shall be under the care and custody of the commissioner and the medical unit director and shall be subject to the rules of the commissioner until the person is transferred to a receiving facility in the state mental health services system." RSA 622:45, IV; doc. 25-1 at 2 (Article 1.3).

injunctive relief must be brought through his petition for habeas corpus. See Gonzalez-Fuentes, 607 F.3d at 873.

The court notes the similarity between this case and Garcia v. Spaulding, 324 F. Supp. 3d 228, 234 (D. Mass. 2018). In that case, the plaintiff, Garcia, was civilly committed under 18 U.S.C. § 4245,[4] and the federal government held him in custody at the Mental Health Unit ("MHU") at FMC Devens in Massachusetts. 324 F. Supp. 3d at 230. Like the SPU at the New Hampshire State Prison, the MHU at FMC Devens is, in fact, a prison. See id. The MHU required civilly-committed patients such as Garcia "to wear prison-issue clothing, subject[ed] them to the prison curfew, and include[d] them in the same mandatory counts and random cell searches as general population inmates." Id. Similarly, here, Heath "is subject to the same restrictions as an inmate at the New Hampshire State Prison, including limited visitations, recorded calls, and screened mail." Doc. 17 ¶ 28.

Like Heath in this case, Garcia did not dispute the court order underlying his civil commitment but alleged that FMC Devens was not an appropriate place for his treatment. Garcia,

[4] Originally, Garcia was held in federal prison after receiving a sentence for a federal crime. 324 F. Supp. 3d at 230. A federal court ordered Garcia to be civilly committed while he served his criminal sentence. Id. Under § 4245, however, the duration of Garcia's civil commitment was extended beyond the expiration of his criminal sentence. Id.

324 F. Supp. 3d at 231. Garcia filed a pro se complaint in federal court requesting "placement in the least restrictive setting appropriate to his condition." Id. at 233. The district court found that Garcia's complaint could be construed as raising either a civil rights claim or a habeas claim. Id.

After examining Garcia's complaint, the applicable case law, and applying the "quantum change" standard, the district court concluded that a civil rights claim[5] was not appropriate. Id. The district court found that Garcia "does not simply seek transfer for the sake of a new location or to improve his particular conditions," which would not be a quantum change in his level of custody, "but rather to change his level of confinement fundamentally from prison to a hospital facility." Id. at 234. Therefore, a civil rights action was not an appropriate remedy. Id.

Similarly, here, neither § 1983 nor the ADA are appropriate bases for Heath's request that the court undo a prior state administrative order confining him at the SPU. Heath seeks a

---

[5] As Garcia's claim involved federal officials, the court examined whether the claim was appropriate under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than § 1983. See Garcia, 324 F. Supp. 3d at 231-32 & n.2. Garcia favored a habeas petition under § 2241 while the federal government took the position that a Bivens action, a § 2225 motion, or an action under 18 U.S.C. § 4246, the federal civil commitment statue, would be more appropriate. Id. at 231-32.

quantum change in the level of his confinement because he seeks to shift his confinement fundamentally from prison – the SPU – to a hospital facility – the NHH. See id. Because he seeks a quantum change in the level of his confinement, a § 1983 claim is not the appropriate method for pursuing injunctive relief when a habeas claim is available. See Gonzalez-Fuentes, 607 F.3d at 873-74; Garcia, 324 F. Supp. 3d at 234. Nor is the ADA appropriate. See Beam v. Madigan, No. 16-cv-1211-MJR, 2017 WL 679950, at *6 (S.D. Ill. Feb. 21, 2017) (applying Preiser to ADA claims).[6] Therefore, Heath's claims for injunctive relief under § 1983 and the ADA are dismissed.[7]

B. Heck v. Humphrey

Under Heck, "when a person convicted of a crime files a § 1983 claim seeking damages for an 'allegedly unconstitutional

---

[6] Heath did not present an argument in response to the defendants' assertion that Preiser, when otherwise applicable, bars claims under the ADA as well as claims brought through § 1983.

[7] As noted, Heath has already filed claims under 28 U.S.C. §§ 2241 and 2254 in a separate case. While the court in Garcia found that a § 2241 challenge to the execution of a sentence was more appropriate than a § 2255 challenge to the validity of the sentence, the court here only determines that § 1983 is not the appropriate way to proceed given the availability of habeas relief. The court does not express any opinion about whether § 2241 or § 2254 is more appropriate for Heath's case.

conviction' or for 'other harm,' the district court 'must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" O'Brien v. Town of Bellingham, 943 F.3d 514, 528-29 (1st Cir. 2019) (quoting Heck, 512 U.S. at 486-87).[8] The defendants argue that Heck bars Heath's claims for damages because success on the claims would necessarily imply that Heath's confinement at the SPU is unlawful. Therefore, the defendants contend, Heath cannot bring damages claims until he demonstrates that his confinement at the SPU is unlawful through the habeas procedure.

As discussed above, Heath's claims for injunctive relief ordering his release from the SPU must proceed through a habeas petition because success means undoing the state's prior administrative order and releasing him from confinement at the SPU rather than changing the conditions of confinement. Success on the merits of those claims would mean that Heath has been

---

[8] Heath did not make an argument opposing the defendants' assertion that Heck extends to invalidations of civil commitment orders and to claims under the ADA. See doc. 27-1 at 6-7; Banda v. Adams, 674 Fed. Appx. 181, at *183 (3d Cir. Jan. 9, 2017) (applying Heck to civil commitment orders); Beam, 2017 WL 679950, at *6 (applying Heck to ADA claims).

held at the SPU unlawfully. Therefore, Heck prohibits the court from proceeding with Heath's damages claims unless and until he can show that his detention in the SPU is unlawful.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (doc. no. 25) is granted. Heath's Amended Complaint is dismissed, and the Clerk of Court is directed to close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

December 19, 2019

cc: Counsel of Record.