**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

**William Soler Justice, Plaintiff**

**v.**

**Nathaniel Seabron, et al., Defendants**

**Civil No. 1:20-cv-00517-PB**

**PLAINTIFF'S FINAL MOTION FOR RECONSIDERATION OF DOCUMENT 184**

Plaintiff William Soler Justice, proceeding pro se, respectfully moves under Local Rule 7.2(d) for reconsideration of the September 10, 2026 Memorandum and Order (Doc. 184), insofar as it granted summary judgment on the federal excessive-force and derivative failure-to-intervene claims against the moving defendants.

Reconsideration is warranted to correct manifest errors of fact and law. The Order treated noncompliance by a civilly committed psychiatric patient as immediate dangerousness, drew disputed inferences concerning threat and necessity in defendants' favor, and did not separately analyze each application and continuation of force.

The Order also adopted an incomplete causal account of Officer Frank Logan III's hand fracture. Doc. 184 states that Plaintiff sat on Logan's hand, "breaking it," and later relies on the proposition that Logan "broke his hand during" the restraint effort. Doc. 184 at 17, 30-31. The underlying medical history instead records an earlier hand-injury event involving a stuck door, discomfort and swelling before the restraint encounter, and a later event in which Logan "hit the hand again" while helping restrain a patient. The note contains an apparent transcription or

dictation error in the phrase “got stuck so we cannot punched it.” That ambiguity cannot establish, as an undisputed fact, that Plaintiff alone caused the later-diagnosed fracture.

The signed report of corrections consultant Aubrey Land also addresses the four force incidents, Plaintiff’s civil-commitment status, and correctional practices involving tasers, chemical agents, pain-compliance techniques, and four-point restraints. Plaintiff does not contend that the Court overlooked the report or Logan medical records if they were not part of the summary-judgment record. Plaintiff separately moves for leave to supplement and asks the Court to consider those materials only if leave is granted.

When the medical history is viewed in Plaintiff’s favor, reasonable factfinders could conclude that Logan injured the hand before contact with Plaintiff and reinjured or aggravated it during the later encounter. The intended meaning of the garbled phrase, the mechanism of the first injury, and the causal contribution of each event are factual questions that should not be resolved for defendants on summary judgment.

WHEREFORE, Plaintiff requests that the Court reconsider and vacate or modify the affected portions of Doc. 184, permit the federal excessive-force and derivative failure-to-intervene claims to proceed, and grant such further relief as justice requires.

Dated: September 10, 2026

/s/ William Soler Justice
William Soler Justice, pro se
51 Storrs St Apt #310
Concord, NH 03301

## CERTIFICATE OF SERVICE

I certify that on September 10, 2026, I filed this document through CM/ECF, which transmitted notice electronically to counsel of record. If any party is not an ECF filing user, I will serve that party by first-class mail at the address shown on the docket.

/s/ William Soler Justice

William Soler Justice