**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| William Soler Justice, Plaintiff, v. Christopher T. Sununu, et al., Defendants. | | Civil No. 1:20-cv-00517-PB |

**<u>DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

Pursuant to Local Rule 7.2(d), Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, Joshua Deblois, Benjamyn Carver, Page Kimball, Riley Morissette, Johnathan Boisselle, and Kenneth Kum, by and through their undersigned counsel, hereby respectfully move for reconsideration this Court's Order on Defendants' Motion for Summary Judgment (ECF No. 184), and in support thereof, state as follows:

Defendants respectfully request the Court to reconsider its Order dated September 10, 2026, in the following limited manner: (1) grant Defendants' request to dismiss *all* claims against the Supervisory Defendants[1] for failure to assert *any* claims or allegations against them; and (2) grant Defendants' request to dismiss *all* claims against the newly-added Defendants, Officers Kum, Boisselle, and Morrissette. Defendants are seeking this Court's ruling on these matters to streamline the claims and law for the Parties' upcoming mediation and, if necessary, trial.

---

[1] Capitalized terms used herein shall have the same meanings ascribed to them in Defendants' Memorandum of Law in Support of their Motion for Summary Judgment.

In Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, Defendants argued that summary judgment was proper as to all claims against them for three reasons: (1) Plaintiff failed to allege any facts to support his claims against the Supervisory Defendants, (2) Plaintiff's claims against defendants Kum, Boisselle, and Morissette were time barred, and (3) the Officer Defendants were entitled to qualified immunity." *See* ECF 160-24 at 18-42. Defendants are seeking the Court's reconsideration of the first two arguments.

## I. Plaintiff failed to assert *any* claims against the Supervisory Defendants.

The Supervisory Defendants moved for summary judgment in their favor on all claims because Plaintiff failed to allege *any* act or omission by any of these individuals in his Amended Complaint. *See generally* ECF No. 131. In fact, the only times that each were referenced in Plaintiff's Amended Complaint were in the case caption and in the "Jurisdiction and Parties" section, and the sole information provided for each of these individuals related to their former job titles and employer.

This Court, in dismissing the federal claims against these individuals, but allowing state claims proceed, fails to address Defendants' argument that Plaintiff failed to allege *any* claim, or any action at all, against these individuals sufficient to proceed to trial.

Plaintiff, for his part, confirmed through discovery that he was unaware of any actions by the administrators to support a legal claim. *See* ECF 160-24 (citing Plaintiff's deposition testimony, in which he confirmed that "I don't know how [the administrators] participated in the conspiracy against me."). Plaintiff did not oppose Defendants' motion for summary judgment regarding the supervisory defendants. *See generally* ECF No. 165. Plaintiff only mentioned one administrator in his objection by name, Helen Hanks, and only to allege that she "faced allegations of destroying evidence and obstructing investigations" related to a different matter.

ECF No. 165 at 4. Plaintiff did not provide any support, let alone support to withstand summary judgment, that any of these individuals failed to supervise or train their employees, under any state or federal legal framework. Plaintiff should not be allowed to proceed on a claim that he has inadequately pled in the first instance, and for which he has confirmed he has no evidentiary support for.

This Court also concluded that, based on the summary judgment record, Plaintiff did not identify any actions or omissions by the Supervisory Defendants that bore a causal connection to his alleged injuries in this case. That determination is not only dispositive of Plaintiff's Section 1983 supervisor liability claim, but it is also dispositive as to his assault, battery, and negligent supervision claims. Plaintiff's intentional tort claims require that the Supervisory Defendants engaged in some affirmative act with the intent to cause harmful or offensive contact. *Rand v. Town of Exeter*, 976 F. Supp. 2d 65, 75-76 (D.N.H. 2013) (reciting elements of common law intentional tort claims and dismissing plaintiff's assault and battery claims on summary judgment). Furthermore, while the standard applicable to Plaintiff's claim for negligent supervision is arguably less demanding than that required under Section 1983 to support a claim for supervisory liability, Plaintiff's negligent supervision claim does require at least some proof of a negligent act or omission by the Supervisory Defendants. *See Dionne v. Amatucci*, No. 10-cv-230-PB, 2011 U.S. Dist. LEXIS 120394, at *19 (D.N.H. Oct. 17, 2011) (granting summary judgment on claims for negligent training and supervision where [t]he record is bare of any competent evidence that would substantiate this claim"). Because the summary judgment record is devoid of any evidence that the Supervisory Defendants engaged in any actions or omissions that caused Plaintiff's alleged injuries, they cannot, as a matter of law, be liable for intentionally or even negligently causing those injuries.

For these reasons, this Court should reconsider its Order and grant summary judgment in favor of the Supervisory Defendants on Plaintiff's state law tort claims.

**II. *All* claims against newly-added defendants are time-barred.**

Defendants additionally seek reconsideration of the Court's order on Defendants' motion for summary judgment as to the newly-added defendants. Defendants moved for summary judgment on all claims against Officers Kum, Boisselle, and Morrissette because the claims are time-barred. Plaintiff's allegations against each of these officers arose while Plaintiff was committed to the SPU in 2018 and 2019. Plaintiff moved to add Officers Kum, Boisselle, and Morrissette to his excessive force claims in January 2025. Plaintiff filed his Amended Complaint including these officers on February 28, 2025. ECF No. 131. The officers accepted service on April 1, 2025. ECF No. 139.

As set forth in Section II of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, Plaintiff did not file *any* claims against these officers within the statute of limitations. *See* ECF 160-24 at 23-26. The statute of limitations for the constitutional claims borrows the statute of limitations for state law tort claims. *Fincher v. Town of Brookline*, 26 F.4th 479, 485 (1st Cir. 2022). For personal injury claims against the State or State officials, the statute of limitations is three years. RSA 541-B:14, IV. Plaintiff may only add new defendants if the amendment relates back to the initial date of filing. Notably Federal Rule of Civil Procedure 15(c)(1)(A) borrows the language from state law regarding amending complaints. *See* Fed. R. Civ. P. 15; RSA 514:9. Defendants' statute of limitations argument in support of dismissal of claims against the newly-added defendant applies equally to federal and state law claims.

Plaintiff's objection contained solely legal conclusions as to why his claims against the newly-added defendants relate back. ECF No. 165 at 7-8. Plaintiff failed to show that he put the

newly-added officers on notice of the claims against them, and the officers' sworn statements demonstrate that they had no knowledge of the lawsuit until 2025, well after the statute of limitations expired as to both federal and state law claims. See ECF No. 160-23 (Declaration of Riley Morissette), 160-21 (Declaration of Jonathan Boisselle), and 160-19 (Declaration of Kenneth Kum).

To Defendants' knowledge, this Court's memorandum and opinion did not address the statute of limitations issue for the newly-added defendants. Defendants respectfully ask this Court to reconsider its ruling and find that the claims against Officers Kum, Boisselle, and Morrissette are untimely and dismiss these defendants from this matter.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' motion for reconsideration, and dismiss *all* claims against the supervisory defendants, Helen Hanks, Paula Mattis, Deborah Robinson, and Carlene Ferrier, and the newly-added officer defendants, Kenneth Kum, Jonathan Boisselle, and Riley Morrissette.

Respectfully submitted,

HELEN HANKS, PAULA MATTIS, DEBORAH ROBINSON, CARLENE FERRIER, FRANK LOGAN, III, JOSHUA DEBLOIS, BENJAMYN CARVER, PAGE KIMBALL, RILEY MORISSETTE, JONATHAN BOISSELLE, KENNETH KUM

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: September 24, 2026

/s/ *Catherine A. Denny*
Catherine A. Denny, Bar No. 275344
Assistant Attorney General
Duncan A. Edgar, Bar No. 266272
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic court filing and was mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301 on this same date.

Dated: September 24, 2026

*/s/ Catherine Denny*
Catherine A. Denny