**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| William Soler Justice, Plaintiff, v. Christopher T. Sununu, et al., Defendants. | | Civil No. 1:20-cv-00517-PB |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 186] AND SUPPORTING MEMORANDUM OF LAW [ECF NO. 185]**

Defendants Helen Hanks, Paula Mattis, Deborah Robinson, Carlene Ferrier, Frank Logan, Joshua Deblois, Benjamyn Carver, Page Kimball, Riley Morissette, Johnathan Boisselle, and Kenneth Kum ("Defendants"), by and through counsel, the New Hampshire Department of Justice, hereby submit this Objection to Plaintiff's Motion for Reconsideration, stating the following as grounds:

**Background**

Plaintiff filed a Motion for Reconsideration (ECF 186) and Memorandum of Law in Support of his Motion for Reconsideration (ECF 185) on September 11, 2026, just one day after this Court's Order denying summary judgment (ECF 184). In Plaintiff's Motion and related filings, he requests that the Court reconsider its ruling and requests leave to supplement the summary judgment record.

Plaintiff's arguments to support reconsideration are summarized as follows: 1) the Court should have considered the evidence in the light most favorable to Plaintiff despite Plaintiff's failure to comply with Local Rule 56.1, ECF 185 at 4; 2) noncompliance was insufficient to

establish a threat or to "to justify every degree and duration of force," *id.* at 1-2; 3) each application and continuation of force required a separate analysis and should have been applied to the failure-to-intervene analysis, *id.* at 3-4; 4) the Land report "addresses correctional practices" should be considered by the Court, *id.* at 2; and 5) the medical records regarding Officer Logan create a factual dispute regarding whether Plaintiff broke Logan's hand on January 22, 2019, *id.* at 2-3. Plaintiff further seeks leave to supplement the summary judgment record by adding additional exhibits, including the report by Plaintiff's expert, Aubrey Land, and Frank Logan's January 22, 20219 medical records. *Id.* at 4.

None of Plaintiff's arguments should be persuasive. On a motion for reconsideration, Plaintiff is required "to demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). Such a motion "should not be used to marshal evidence that could have been presented as part of the summary judgment record." *Rancourt v. Hillsborough Cty.*, Case No. 20-cv-351-PB, U.S. Dist. LEXIS 94389, *7-8 (D.N.H. May 26, 2022). Plaintiff's four-page, unadorned motion fails to allege any legal or factual errors sufficient to justify reconsideration of the Court's Order. Plaintiff further fails to set forth good cause to submit additional evidence at this late juncture.

## <u>Argument</u>

### 1) Plaintiff's argument regarding evidentiary inferences.

In his memorandum, Plaintiff includes a two-sentence paragraph that seems to argue that the Plaintiff's failure to comply with LR 56.1 did not authorize the Court to "authorize credibility determinations or adverse ultimate inferences." ECF 185 at 4.

The Court, in accordance with the federal rules, largely considered the Defendant's statement of facts as undisputed. ECF 184 at 4 ("[T]he defendants' material facts largely remain

undisputed. Accordingly, under Local Rule 56.1, they are deemed admitted for purposes of the defendants' motion."). Plaintiff does not specify which "credibility determinations or adverse ultimate inferences" he refers to, that he believes are improper. Plaintiff does not provide any legal support for his argument that the Court improperly considered the evidence. Plaintiff further fails to point to any specific evidence that he purports to dispute, nor any evidence, if considered differently, would have changed the Court's analysis. The Court was not required to make "credibility determinations" or "inferences" where Plaintiff failed to properly dispute the facts set forth by Defendants on summary judgment. *See* Fed. R. Civ. P. 56; LR 56.1. Rather, the Court considered the evidence properly before it.

**2) Plaintiff's arguments regarding the Court's analyses of use of force events**

Plaintiff argues in his memorandum that noncompliance alone is insufficient to justify use of force for civilly committed individuals and that each application and continuation of force requires a separate analysis. *See* ECF 185 at 1-4. However, the Court properly considered the undisputed facts and applied those facts to the correct legal standard. The Court did not find that noncompliance alone justified use of force; rather, the Court found that Plaintiff was "repeatedly non-compliant and acted such that the officer defendants could have believed he posed a danger to both himself and others." ECF 185 at 27. The Court further found that "the officer defendants had reason to believe that the force they used was necessary both to protect Justice from harming himself and to ensure their own safety" during each use of force event. ECF 184 at 28-29. During summary judgment briefing, Plaintiff failed to dispute the officer defendants' sworn statements that Plaintiff was engaging in threatening or self-harming behavior and failed to provide any reason for the Court to reconsider those undisputed facts in his memorandum.

Plaintiff argues that the Court should consider each application and continuation of force. Plaintiff's sole example is that the "timing of Logan's departure for treatment does not resolve whether another officer had a realistic opportunity to prevent later or continued force." ECF 185 at 4. However, there was no evidence properly before the Court that any of the officers other than Officer Seabron were present during any later or continued force, nor that any Defendant failed to intervene. ECF 184 at 17-19. This Court properly considered the evidence before it and separately analyzed each use of force event and each Defendant's involvement. ECF 184 at 23-30.

**3) Plaintiff's request to consider the report of Aubrey Land**

The Court should decline Plaintiff's request for leave to enter Aubrey Land's report into the summary judgment record for several reasons, including that it is procedurally improper and prejudicial to Defendants, and that Mr. Land's opinions do not meet the standards set forth for expert testimony in Rule 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Plaintiff argues that Aubrey Land's expert report "addresses correctional practices involving tasers, chemical agents, pain-compliance methods, four-point restraints, civil commitment, mental illness, and force used to obtain compliance." ECF 185 at 2. Plaintiff failed to submit Aubrey Land's report in his December 2025 Objection to Defendant's Motion for Summary Judgment. *See* ECF 165. Plaintiff received Mr. Land's report on August 12, 2025, prior to the summary judgment briefing. *See* ECF 185-4. Plaintiff submitted several filings since filing his Objection, including a motion to supplement the summary judgment record to submit a booklet that Plaintiff authored. *See* ECF 171. Plaintiff provides no justification for failing to submit Mr. Land's report during the summary judgment briefing, or for failing to move to

supplement the record anytime prior to this Court issuing its Order. As Plaintiff has not provided any basis for his delay, let alone good cause, the Court should not grant Plaintiff's untimely and unsupported request to consider Mr. Land's report.

If the report were filed in the initial briefing, Defendants would have moved to exclude Mr. Land's opinions under Rule 702. Under Rule 702, if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," a qualified witness may provide expert testimony, provided: (1) "the testimony is based upon sufficient facts or data"; (2) "the testimony is the product of reliable principles and methods"; and (3) the witness "has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony must be "not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *see generally Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (*Daubert* standards of evidentiary reliability apply to all expert testimony). To be reliable, expert testimony must be grounded in more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. "[O]pinion evidence that is connected to existing data only by the *ipse dixit* of the expert" need not be admitted. *GE v. Joiner*, 522 U.S. 136, 146 (1997).

Mr. Land is not qualified to opine on the use of force at the SPU. Mr. Land admittedly has no training in mental health care or treatment. ECF 185-2 at 2-3. He lacks any experience working in psychiatric facilities. *Id.* His experience is limited to correctional institutions. *Id.*

Mr. Land failed to follow any reliable methodology, and his opinions are not supported by sufficient facts or data. Mr. Land failed to consider *any* applicable standards for the use of force at the SPU: he does not recite any constitutional provisions or appear to have any understanding of the legal framework that applies to civilly committed individuals at the SPU.

*Id.* at 4-5. He further failed to recite any policies or procedures that SPU staff are required to follow. *Id.* He admittedly did not review the applicable use of force policy. *Id.*

Mr. Land's opinions would not assist the trier of fact because he did not allege any specific actions by any defendant that amount to excessive force under federal constitutional principles or state law tort. *See id.* Mr. Land admitted that, in regards to the April 10, 2028 incident, he "does not have enough evidence to offer an opinion on the justification." *Id.* at 6. Instead of opining on the reasonableness of the officers during the incidents in question, Mr. Land opined in his report that the SPU violates State healthcare licensing laws, the Americans with Disabilities Act, and a federal regulation. *Id.* at 14. Mr. Land further expressed discontent with the placement of civilly committed individuals at the SPU. *See id.* at 5. These opinions are not relevant to Plaintiff's claims against the officers at issue on summary judgment.

Mr. Land, without citing to any policies, procedures, regulations, or statutes, also alleged that unnamed DOC staff are refusing to provide video recordings "in violation of the law." *Id.* at 6. He claimed this is so from reading news reports alleging that the Commissioner "has a history of providing false statements concerning withheld evidence" in unrelated matters. *Id.* at 14. Mr. Land did not refer to any admissible evidence that could possibly substantiate such an accusation in this case.

For the aforementioned reasons, this Court should decline to consider Mr. Land's report.

**4) Officer Logan's hand injury**

Plaintiff does not explain, nor support, his proposition that Officer Logan's earlier hand injury creates a material factual dispute. Defendants submitted the same hospital records for Officer Logan in their Motion for Summary Judgment. ECF No. 160-11 (Filed Under Seal). The Court already considered these records. Plaintiff had the opportunity to provide contradictory

evidence or to challenge Defendants' statement of facts. Plaintiff did not do so. There is no dispute that Plaintiff injured Officer Logan's hand on January 22, 2019 and that Frank Logan was required to seek medical treatment soon after. Plaintiff's observation that Officer Logan also reported hurting his hand while opening a door earlier in the day is not a material fact. Plaintiff's highlighting of this non-material issue is not a sufficient basis for the Court to reconsider its Order.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration [ECF 186] and accompanying Memorandum of Law [ECF 185].

Respectfully submitted,

HELEN HANKS, PAULA MATTIS, DEBORAH ROBINSON, CARLENE FERRIER, FRANK LOGAN, III, JOSHUA DEBLOIS, BENJAMYN CARVER, PAGE KIMBALL, RILEY MORISSETTE, JONATHAN BOISSELLE, KENNETH KUM

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: October 7, 2026

/s/ *Catherine A. Denny*

Catherine A. Denny, Bar No. 275344
Assistant Attorney General
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
catherine.a.denny@doj.nh.gov
(603) 271-1354

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was caused to be mailed to Plaintiff at 51 Storrs St., #310, Concord, NH 03301 on this same date.

Dated: October 7, 2026

*_/s/ Catherine Denny_*
Catherine A. Denny